## DIANA M. KLUG *v.* INLAND WETLANDS COMMISSION OF THE CITY OF TORRINGTON ET AL.
### (7600)

DUPONT, C. J., BORDEN and SPALLONE, Js.

Argued June 6—decision released September 12, 1989

*John R. Logan,* for the appellant (plaintiff).

*George B. Simoncelli, Jr.,* corporation counsel, for the appellee (named defendant).

BORDEN, J. The plaintiff appeals from the judgment of the trial court dismissing her appeal from a decision by the named defendant, the Torrington inland wet-

lands commission (commission). The dispositive issue is whether the plaintiff's appeal was governed by General Statutes § 22a-43, the appeal provision of the Inland Wetlands and Watercourses Act (act); General Statutes §§ 22a-28 through 22a-45; or by General Statutes § 4-183, the appeal provision of the Uniform Administrative Procedure Act (UAPA). We hold that the appeal was governed by § 22a-43, and we find error.

The facts are undisputed. In November, 1987, Eugene F. Green applied to the commission for a permit to conduct certain regulated activities in a wetlands area in Torrington. On March 22, 1988, after a public hearing, the commission granted Green's application and published notice of its decision in a local newspaper. In April, 1988, the plaintiff, an abutting landowner, appealed from the commission's decision to the trial court, naming and serving as defendants the commission and the state department of environmental protection.[1]

The commission moved to dismiss the plaintiff's appeal for lack of subject matter jurisdiction, on the basis of her failure to name and serve Green as a defendant. The commission argued, and the trial court agreed, that the appeal was governed by General Statutes § 4-183, that Green was a party of record within the meaning of § 4-183 (b), and that the failure to name and serve Green as a defendant was a fatal jurisdictional defect. The court therefore dismissed the plaintiff's appeal, and this appeal followed.

The plaintiff's principal claim is that the court erred in ruling that the commission was an "agency" and that the commission's decision thereby arose from a "contested case" within the meaning of the UAPA. We agree that the court erred.

---

[1] The plaintiff also named the city of Torrington as a defendant, but subsequently withdrew the appeal as to that defendant.

General Statutes § 22a-43 governs the procedure for appeals from wetland and watercourse regulatory decisions.[2] It provides, in general terms, that certain persons may appeal from inland wetland and watercourse actions. Those persons are the state commissioner of environmental protection, classically aggrieved persons, and owners or occupiers of land abutting or within ninety feet of the wetland or watercourse involved. The actions in which they may appeal are those "made pursuant to section 22a-36 to 22a-45, inclusive, by the [state] commissioner, district or municipality . . . ." General Statutes § 22a-43 (a). Those actions taken pursuant to §§ 22a-36 through 22a-45 are all inland wetland and watercourse actions of both the state commissioner and municipal inland wetlands agencies and districts.

An appeal taken under § 22a-43 requires that notice "shall be served upon the inland wetlands agency and the commissioner"; General Statutes § 22a-43 (a); but not upon the applicant before the administrative body. The applicant may move to be made a party defendant in the appeal. General Statutes § 22a-43 (b).

---

[2] General Statutes § 22a-43 (a) and (b) provide in pertinent part: "(a) The commissioner or any person aggrieved by any regulation, order, decision or action made pursuant to sections 22a-36 to 22a-45, inclusive, by the commissioner, district or municipality or any person owning or occupying land which abuts any portion of land or is within a radius of ninety feet of the wetland or watercourse involved in any regulation, order, decision or action made pursuant to said sections may, within fifteen days after publication of such regulation, order, decision or action appeal to the superior court for the judicial district where the land affected is located, and if located in more than one judicial district, to said court in any such judicial district, *except if such appeal is from a contested case, as defined in section 4-166, such appeal shall be in accordance with the provisions of section 4-183* . . . . Notice of such appeal shall be served upon the inland wetlands agency and the commissioner. The commissioner may appear as a party to any action brought by any other person within thirty days from the date such appeal is returned to the court. . . .

"(b) The court, upon the motion of the person who applied for such order, decision or action, shall make such person a party defendant in the appeal. . . ." (Emphasis added.)

Under General Statutes (Rev. to 1989) § 4-183 (b), which was in effect at the time of the plaintiff's appeal to the trial court,[3] copies of the appeal petition were required to be served "upon the agency and *all parties of record,*" (emphasis added) and the failure to name and serve a party, such as the applicant in this case, rendered the appeal jurisdictionally defective. See *Minichino* v. *Freedom of Information Commission,* 6 Conn. App. 148, 503 A.2d 1189 (1986); *Newtown* v. *Department of Public Utility Control,* 3 Conn. App. 416, 488 A.2d 1286 (1985). General Statutes (Rev. to 1989) § 4-183 (b), which is part of the UAPA, applies, however, only to a final decision "in a contested case." It is a statutory requirement of "contested case" status under the UAPA that the decision appealed from be that of "an agency"; General Statutes § 4-166 (2); and an "agency" under the UAPA means in relevant part "each state board, commission, department or officer . . . authorized by law . . . to determine contested cases." General Statutes § 4-166 (1).

The issue in this case arises from the exception clause in § 22a-43, namely, "except if such appeal is from a contested case, as defined in section 4-166, such appeal shall be in accordance with the provisions of section 4-183 . . . . " See footnote 2, supra. Thus, if the commission were an "agency" within the meaning of the UAPA, the exception clause would apply, and the plaintiff's appeal would be jurisdictionally defective. If, however, the commission was not such an agency, the appeal was jurisdictionally proper. We conclude that the commission was not an agency under § 4-166 (1), and that the appeal was jurisdictionally proper.

First, both the language of § 4-166 (1), which defines a UAPA agency as a *"state* board, commission, depart-

---

[3] General Statutes § 4-183 was extensively amended effective July 1, 1989. See Public Acts 1988, No. 88-317. Those amendments are not before us on this appeal.

ment or officer," and the fact that the commission in this case is a commission of the city of Torrington, not the state of Connecticut, strongly suggests that the commission is not a UAPA agency. Although this analysis does not completely carry the day under all circumstances; see, e.g., *Connecticut Air Service, Inc.* v. *Danbury Aviation Commission,* 211 Conn. 690, 561 A.2d 120 (1989); it certainly is a persuasive starting point. We note, in fact, that the commission in this case apparently followed § 22a-43, by publishing notice of its decision in a newspaper, a procedure contemplated by § 22a-43 but not contemplated by the UAPA.

Thus, under this analysis, the exception clause in § 22a-43 would apply when the state commissioner makes a regulatory decision, since she is clearly a "state . . . officer" within the confines of § 4-166 (1). Indeed, a contrary interpretation would mean that for all practical purposes the exception would swallow the rule, since it is difficult to conceive of any significant instances when decisions by a local inland wetlands agency would be governed by the general appeal provision of § 22a-43, rather than by the exception clause. Had the legislature intended to make all local inland wetlands agencies state agencies for purposes of appeal, we do not believe that it would have created such an intricate statutory appeal provision that would thereby end up largely as a dead letter.

Second, consistent with this analysis, the history of and the entire administrative matrix established by the act provide a comprehensive, integrated statutory scheme that encompasses active participation by both the state and a municipality. Prior to the enactment of the act, regulation of wetlands and watercourses was a matter solely of local zoning concern. *McCallum* v. *Inland Wetlands Commission,* 196 Conn. 218, 221 n.3, 492 A.2d 508 (1985). From when the act was enacted in 1969 until July 1, 1988, it was "declared to be the

public policy of the state to *encourage* municipal participation [in carrying out the purposes and policies of the act] by means of regulation of activities affecting the wetlands and watercourses within the territorial limits of the various municipalities or districts." (Emphasis added.) General Statutes (Rev. to 1987) § 22a-42 (a). Under that scheme, if a municipality did not take appropriate action to establish such regulation by June 30, 1974, the commissioner was required to do so. See General Statutes (Rev. to 1987) § 22a-42 (f).

In 1987, the state public policy was amended to "*require* municipal regulation" of wetlands activities; (emphasis added) General Statutes (Rev. to 1989) § 22a-42 (a); Public Acts 1987, No. 87-533; and to require all municipalities to establish wetlands agencies by July 1, 1988. See General Statutes (Rev. to 1989) § 22a-42 (c); Public Acts 1987, No. 87-533. Throughout, of course, the commissioner has retained numerous regulatory and administrative powers. See General Statutes § 22a-39. During its history and as expressed by its structure, the act has contemplated concurrent state and local jurisdiction to effectuate its purposes. *Aaron* v. *Conservation Commission*, 183 Conn. 532, 441 A.2d 30 (1981); see also *Cioffoletti* v. *Planning & Zoning Commission*, 209 Conn. 544, 561, 552 A.2d 796 (1989). Thus, the act has long authorized, and now requires, local decisions made by local authorities. It would be inconsistent with that history and statutory scheme to transplant an appeal from a local wetlands decision from the wetlands act to the UAPA.

*Connecticut Air Service, Inc.* v. *Danbury Aviation Commission*, supra, recently decided by our Supreme Court, by no means signifies a different result. In that case, the court stated that the commissioner of transportation has "supervision and control of virtually every aspect of aeronautical activity conducted within the state, including that carried out at a municipal level

. . . ." Id., 696. The court therefore concluded "that such supervision and control is principally a state function and duty"; id.; and that a local aviation commission's congruent powers and duties could be carried out only as the commissioner's agent. Id.

By contrast, wetlands supervision and control was initially a purely local zoning matter; it was later shared between the state and municipalities, and is now delegated principally to the municipalities. See, e.g., General Statutes § 22a-42 (c) ("[f]or the purposes of this section, the board or commission authorized by the municipality or district, as the case may be, shall serve as the sole agent for the licensing of regulated activities"). Under these circumstances, there is no basis on which to conclude that the commission in this case was acting as the state commissioner's agent.

Nor are we persuaded by the commission's reliance on certain other precedents, namely, *Feinson* v. *Conservation Commission,* 180 Conn. 421, 429 A.2d 910 (1980), *Murphy* v. *Berlin Board of Education,* 167 Conn. 368, 355 A.2d 265 (1974), and *Catholic Family & Community Services* v. *Commission on Human Rights & Opportunities,* 3 Conn. App. 464, 489 A.2d 408 (1985). To the extent that *Murphy* was resuscitated by *Connecticut Air Service, Inc.* v. *Danbury Aviation Commission,* supra, 696; see id., 699–700 (*Shea, J.,* dissenting); this case is distinguishable because the Torrington commission could not be considered to be acting as an agent of the state commissioner. *Feinson* v. *Conservation Commission,* supra, 424, is inapplicable because the trial court's procedural conclusion in that case, namely, that the appeal was governed by the UAPA, was "no longer at issue" on appeal, and thus was neither addressed nor decided by the Supreme Court. *Catholic Family & Community Services* v. *Commission on Human Rights & Opportunities,* supra, 467, is not pertinent because its broad language defining

a UAPA agency, on which the defendants rely, was employed in the context of whether a state hearing officer was such an agency, not whether a local authority constituted a state agency.

There is error, the judgment is set aside and the case is remanded for further proceedings according to law.

In this opinion the other judges concurred.