[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter originally came to this court on the second Tuesday of May, 1988, Klug v. Torrington Inland Wetlands Commission, Judicial District of Litchfield #047817, Klug I. That appeal was dismissed by the trial court on jurisdictional grounds but reversed by the Appellate Court on September 12, 1989, Klug v. Inland Wetlands Commission, 19 Conn. App. 713
and remanded for further proceedings according to law. Thereafter, the matter was heard by the Honorable Howard J. Moraghan who filed a memorandum of decision on September 5, 1990 remanding the matter "to the Commission for further proceedings addressing each and every one of the criteria in terms of declaring a finding on the mandate of no feasible and prudent CT Page 246 alternative in accordance with Sec. 22a-41 (c) of the General Statutes."
Upon reversal, the application came before the commission on December 18, 1990 at which time counsel for Ms. Klug submitted a Petition for Party Status, Petition for Declaratory Judgment, Petition for Compliance with Public Act 89-311, Section 3 and a Petition For Permission to Present Additional Evidence. The minutes disclose "that the Commission was not going to entertain any of the petitions that were on file, on the advice of Corporation Counsel." At the Commission meeting of January 22, 1991, Attorney Simoncelli, Corporation Counsel, advised that the petitions be ignored and that there be no new public hearing without a specific court order.
On January 23, 1991 the plaintiff filed a motion for clarification which was objected to by the applicant before the Commission, Eugene F. Green. The motion requested "Judge — Moraghan's clarification as to whether the above order calls for a new hearing on remand or if his order for further proceedings was only to address the previous record." On February 4, 1991, Judge Moraghan denied the motion without opinion. Thereafter, on March 27, 1991, the Green application was approved and this appeal Klug II followed.
It is conceded that as an adjoining owner, the plaintiff is aggrieved and therefore has standing to bring this appeal. The plaintiff raises eight issues in her appeal only two of which need be addressed by the court.
Whether the Commission acted illegally, arbitrarily and abused its discretion by failing to grant or consider the petition of the plaintiff in derogation of the UAPA, Sections 4-166 et seq. of the Connecticut General Statutes as applied via Sec. 22a-43 of the Conn. Gen. Stat. for party status.
Section 22a-43 of the General Statutes governs appeals from inland-wetland commissions. Klug v. Inland Wetlands Commission,19 Conn. App. 713, 715 (1989). The relevant portions of Section22a-43 in effect at the time of the Commission's proceedings which are the subject of this appeal, state that;
 (a) The commissioner or any person aggrieved by any regulations, order, decision or action made pursuant to sections 22a-36 to 22a-45, inclusive, by the commissioner, district or municipality or any person owning or occupying land which abuts any portion of land. . .involved in any regulation, order, decision or action made pursuant to said sections may appeal to the superior court in accordance with the provisions of section 4-183, except venue shall be in the judicial district where the land affected is located. . . .
It is the purpose and intent of this statute that appeals from municipal inland wetlands agencies be governed by Section 4-183
CT Page 247 of the general Statutes, the appeals section of the UAPA. Further credence to this assertion may be found in the history of the present action. Prior proceedings in this matter have resulted in the previously cited appellate court decision known as Klug v. Inland Wetlands Commission,19 Conn. App. 713, 715 (1989).
The version of Section 22a-43 which was analyzed by the court in Klug, provided that only appeals from "`contested cases" were governed by Section 4-183 of the UAPA. The court went on to hold that since the Torrington Inland Wetlands Commission was not an "agency" as defined by Section 4-166 (1), the appeal was therefore governed by the appeal provisions of 22a-43.
Shortly after the Klug decision was released, however, the legislature passed Section 9 of public Act 89-356 which amended Section22a-43 by removing the language restricting UAPA appeals to "contested cases".
Absent this restriction, the present appeal is governed by the appeal provisions of the UAPA. On December 18, 1990, the plaintiff submitted to the Commission a petition for party status pursuant to Sections 4-166 (8) and 4-177a(a) of the General Statutes.
The plaintiff is an aggrieved person pursuant to Section 22a-43
of the General Statutes. The Commission refused to accept or entertain the plaintiff's petitions. The Commission's failure to grant or — entertain the plaintiff's petition for party status denied the plaintiff due process of law. "The opportunity to be heard at a meaningful time and in a meaningful manner is constitutionally required to meet currently accepted standards of procedural due process in the area of property rights." Kukanskis v. Griffith, 180 Conn. 501, 510 (1980); and cases cited.
In the present case, the court, Moraghan, J., remanded the Green application ". . .to the Commission for further proceedings addressing each and every criteria in terms of declaring a finding of no feasible and prudent alternative in accordance with Section 22a-41 (b) of the General Statutes." As an aggrieved person whose property rights would be affected by the Commission's decision, the plaintiff was entitled to be heard in a meaningful manner before the Commission. The Commission's failure to consider and grant the plaintiff's petition for party status deprived the plaintiff of her due process rights.
 II.
Whether the Commission acted illegally, arbitrarily and abused its discretion by failing to hold a new public hearing on the Green application as directed by the court, Moraghan, J., in his memorandum of decision dated September 4, 1990.
In accordance with her rights under Title 22a of the General CT Page 248 Statutes and due process, the plaintiff also petitioned the Commission for permission to present additional evidence. Again, the Commission refused to act upon or even consider the plaintiff's petition. The failure of the Commission to allow the plaintiff an opportunity to present evidence was violative of Sec. 22a-43a(c) which provides that "[a]t such hearing any person or persons may appear and be heard." Furthermore, as an abutting property owner whose rights would be affected by the Commission's decision, the plaintiff had a constitutional due process right to be heard. Kukanskis, p. 510.
In his decision, Judge Moraghan remanded the application to the Commission for further proceedings. Black's Law Dictionary, Fifth Edition defines, "proceeding" as:
 Proceeding. In a general sense, the form and manner of conducting juridical business before a court or judicial officer. Regular and orderly progress in form of law, including all possible steps in an action from its commencement to the execution of judgment. Term also refers to administrative proceedings before agencies, tribunals, bureaus, or the like.
 An act which is done by the authority or direction of the court, agency, or tribunal, express or implied; an act necessary to be done in order to obtain a given end; a prescribed mode of action for carrying into effect a legal right. All the steps or measures adopted in the prosecution or defense of an action. Stratter v. United States, C.C.A, Alaska, 66 F.2d 819, 822. The word may be used synonymously with `action' or `suit' to describe the entire course of an action at law or suit in equity from the issuance of the writ or filing of the complaint until the entry of a final judgment, or may be used to describe any act done by authority of a court of law and every step required to be taken in any cause by either party. The proceedings of a suit embrace all-matters that occur in its progress judicially.
 Term `proceeding' may refer not only to a complete remedy but also a mere procedural step that is part of a larger action or special proceeding. Rooney v. Vermont Investment Corp., 10 Cal.3d 351, 110 Cal.Rptr. 353, 365, 515 P.2d 297. A `proceeding' includes action and special proceedings pending before quasi-judicial officers and boards. State ex rel. Johnson v. Independent School Dist. No. 810, Wabasha County, 260 Minn. 237, 109 N.W.2d 596, 602. In a more particular sense, any application to a court of justice, however made, for aid in the enforcement of rights, for relief, for redress of injuries, for damages or for any remedial object.
CT Page 249
 `Proceeding' means any action, hearing, investigation, inquest, or inquiry (whether conducted by a court, administrative agency, hearing officer, arbitrator, legislative body, or any other person authorized by law) in which, pursuant to law, testimony can be compelled to be given,
Similarly, in Frito Lay, Inc. v. Planning and Zoning Commission,206 Conn. 554, at 568, the Supreme Court stated:
 . . .Our cases consistently recognize the generally adversarial nature of a proceeding considered a `hearing,' in which witnesses are heard and testimony is taken. See, e.g. . . .Armstrong v. Zoning Board of Appeals, 158 Conn. 163, 257 A.2d 799 [1969] (public hearing, zoning commission heard evidence and arguments); Kleinsmith v. Planning Zoning Commission, [supra] (hearing to permit interested persons `to express their views').". . , (emphasis added).
Applying the definition of proceeding to the order of Judge Moraghan, it is clear that a new hearing was required. Merely reviewing the record of the prior public hearing did not comply with the court's decision. The Commission was required to review the application in the light of evidence available upon the record. See Scott v. State Bar Examining Committee, 220 Conn. 812, 829.
For the reasons stated, the appeal is sustained and the matter remanded to the Commission for further proceedings in accordance with law including a new public hearing.
PICKETT, J.