[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This court entered a Judgment by Memorandum of Decision in the above-captioned matter dated September 27, 1995. Subsequent to that Memorandum of Decision the court, on its own motion, ordered reargument on October 31, 1995 on the question of whether or not the amendment of § 22a-43 by Public Act 91-136 should in any manner affect the court's ruling on issue No. V. — "May the court hear evidence to establish the plaintiff's claim of `finality' of the administrative taking". Neither the court nor the parties in the arguement [argument] on September 27 had considered the significance, if any, of the amendment.
The court revises its memorandum of September 27, 1995 in its reference to No. CV 91-0322776 which was not a taking claim, but was the appeal of an enforcement action which has not been argued or decided at this time. The "taking claim" and the permit appeal comprise No. CV 91-0318300 — this case. CT Page 14402
The court hereby reaffirms its Memorandum of Decision insofar as the, Memorandum of Decision, dated September 27, 1995, states the facts of the case, except as set forth above, and further reaffirms its Memorandum of Decision on aggrievement and on Issues I through IV. The court withdraws its decision on Issue V. and substitutes therefore:
 V. MAY THE COURT HEAR EVIDENCE TO ESTABLISH THE PLAINTIFF'S CLAIM OF "FINALITY" OF THE ADMINISTRATIVE TAKING?
The question of whether new evidence of finality may be presented to the court for the first time at the time of the court hearing on an administrative appeal appears to be a case of first impression in Connecticut. The Supreme Court inChioffoletti held:
 "We construe the provisions of 22-43a(a) that `If the court finds that the action appealed from constitutes the equivalent of a taking without compensation as contemplating that the trial court should decide the taking issue de novo in light of all the evidence, including but not limited to the administrative record. Since the court has indicated that an administrative agency is incompetent to decide certain constitutional issues [citations omitted] it would make little sense of the trial court pursuant to section 4-183(e) to remand a case to the inland wetlands commission for the purpose of hearing evidence relative only to the issue of an unconstitutional taking, which that agency may not be empowered to resolve. Presumably the legislature was aware of this judicial limitation upon the authority of administrative agencies and, therefore, used the statutory language indicating that the court should find the factbound taking issue." Chioffoletti, at 551-52.
While the Supreme Court admittedly called for a de novo
review of the taking in Chioffoletti, it appears to this court that Chioffoletti must be read in light of the Supreme Court's holding in Port Clinton Associates v. Board of Selectmen,217 Conn. 588, 599, where the court held:
 Rather, we read me memorandum of decision as later amplified to rely on the well established principle that there can be no regulatory `taking' and thus no deprivation of private property without just compensation until there has been a final administrative decision." See Williamson CountyCT Page 14403 Regional Planning Commission v. Hamilton Bank, 473 U.S. 172, 192, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985).
The Supreme Court went on to hold, in Port Clinton:
 The regulatory taking claim advanced by the appellant has two components. First appellant must establish that the regulation has in substance taken his property — that is, that the regulation "goes too far". . . . Second, the appellant must demonstrate that any pre-offered compensation is not just. . . . Until a property owner has `obtained a final decision regarding the application of the zoning ordinance and the subdivision regulations to its property' `it is impossible to tell whether the land sustains any reasonable beneficial use or whether [existing] expectation interest have been destroyed."' Port Clinton Associates, at 600.
In Gill v. Inland Wetlands and Watercourses Agency, 219 Conn. 404,406, the Supreme Court held:
 We conclude that the plaintiff has failed to show that the agency will not allow any reasonable residential development of his property and, therefore, that the decision on the merits of his taking claim would be premature.
The court further held in Gill:
 As we have recently reiterated, however, the plaintiff is not entitled to judicial review of the merits of his regulatory taking claim until he has met the requirement of establishing the finality of the agency determination. . . . To demonstrate the requisite finality, a property owner asserting a regulatory claim bears the burden of proving that the relevant government entity will not allow any reasonable alternative use of his property. Gill, at 415.
The Connecticut law appears to be clear that the plaintiff is not entitled to a judicial review by way of the trial de novo
referred to in Chioffoletti until the plaintiff has successfully met the threshold burden of establishing "finality". To the extent that the plaintiff argues that he may establish finality in a trial de novo, the court holds that the plaintiff is mistaken. The right to a trial de novo does not inure to the plaintiff until he has borne his initial burden of proving finality. CT Page 14404
The court is aware that certain evidence is at times allowed in administrative appeals where there is no provision for a trial de novo. Both § 4-183 pertaining to appeals under the Administrative Procedure Act and § 8-8(e) pertaining generally to appeals from municipal agencies in land use matters have specific guidance for the court on what evidence is admissible on the appeal in addition to the administrative record.
At the time this appeal was taken, § 22a-43 provided that the appeal should be in accordance with the provisions of § 4-183. Section 4-183 severely limits the court's right to take additional evidence. However, the Appellate Court appears to have held that § 4-183 did not apply to local wetland agency appeals. Klug v. Inland Wetlands Commission, 19 Conn. App. 713
(1989). Although the precise reference to § 4-183 in §22a-43 was changed between Klug and the filing of this case by P.A. 91-136, the holding in Klug that a local wetlands agency is not a State agency and hence not governed by § 4-183 would appear unchanged.
Additionally, between the time that this appeal was filed and the time that it was decided, the reference to § 4-183 was deleted from § 22a-43 and the provisions of § 8-8 were added to § 22a-43 for the purpose of the timing of the appeal.
It appears clear that regardless of whether Public Act 91-136, which substituted references to § 8-8 for references to § 4-183, is or is not retroactive is of little help to the court in answering the question of the appellant's right to present evidence of finality. If the pre-Public Act 91-136 form of § 22a-43 is used, § 4-183 does not apply to the taking of evidence in this appeal because of the Appellate Court holding in Klug. If the post-Public Act 91-136 form of § 22a-43 is used, § 8-8 applies to the timing of the appeal, but § 8-8(e) which controls the taking of evidence, appears to have no application under any circumstances to § 22a-43 appeals.
The court appears to be left solely to the provisions of § 22a-43 in determining what evidence may be presented. That section provides "The record shall be transmitted to the court within the time prescribed in subsection (i) of § 8-8." Thus, it appears clear that the initial appeal is intended to be CT Page 14405 a record appeal unless and until the court finds a taking pursuant to § 22a-43. The court is further aware, as previously stated, that the finality required is a "final administrative decision." Port Clinton Associates, at 599.
Since our courts have recognized that the number of applications to the local agency have probative value on the question of finality, it would appear that evidence may be introduced on the number of applications. The court recognizes that there might be other types of evidence which would have probative value with regard to whether or not the decision of the administrative agency is final. However, in the instant case the plaintiff, in its request to produce additional evidence, has provided a list of twelve potential witness. Potential witnesses 1 through 9 and 11 through 12 are various experts who could be expected to shed light on the ability to develop the property but, in the; opinion of the court, are of little or no assistance in determining whether the local agency would entertain or approve a different application. Number 10 on the list names the individual commissioners who participated in the local proceeding. The court sees little value the testimony of individual commissioners unless the plaintiff were allowed to quiz the individuals on their thoughts when they acted on the local application. The court holds that to allow finality of a taking claim to be established by the cross examination of commission members would be an impermissible invasion of the "deliberative process privilege" more fully explained in Zinkerv. Doty, 637 F. Sup. 138 (D. Conn. 1986). Accordingly, while the court does not definitively hold that evidence may not be taken to establish a claim of "finality" at the time of the hearing on an administrative taking, the court does hold that the evidence offered by the plaintiff in the instant case is of no probative value in determining the issue of the finality of the local decision.
For the foregoing reasons the appeal set forth in the first count of the amended complaint is dismissed because the denial of the permit is supported by the record.
The regulatory taking claim set forth in the second count of the administrative appeal is dismissed as premature because the plaintiff has failed to bear his burden of showing finality of the local regulatory decision.
KEVIN E. BOOTH, JUDGE CT Page 14406