[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 FACTS
The plaintiffs, Jean and Marguerite C. Gauvel, appeal from the denial of their request for a permit by the defendant, Inland Wetlands Board of the Town of Ridgefield.
The permit is sought in connection with the proposed construction of a single-family residence on property owned by the plaintiffs on Neds Mountain Road.
A permit was sought because a proposed driveway would cross a wetland in order to obtain ingress and egress to the parcel.
The property consists of 2.47. acres, of which approximately 0.40 acres is delineated as wetlands (ROR Exhibit 10, p. 115).
The property, located in a three acre residential zone, is landlocked, and access to a public street is gained over a twelve foot right-of-way which crosses an adjoining parcel.
The plaintiffs envision the construction of a two bedroom home built on a slab, with dimensions of twenty-eight feet by forty feet (ROR 4, p. 31).
A septic system is required, because the property is not served by CT Page 5003 sanitary sewers.
The plaintiffs applied for the permit on February 20, 2001, and a public hearing was properly noticed for May 1, 2001 (ROR 3, p. 23).
Following receipt of testimony at the initial hearing, a second hearing was convened on June 5, 2001.
In addition to receiving testimony at the public hearing, the defendant Board scheduled two site walks of the property.
The first was conducted prior to the initial hearing on May 1, and the second occurred prior to the close of the public hearing process on June 3, 2001.
The plaintiffs made two proposals to the Board concerning the driveway crossing during the course of the hearing process.
The initial proposal involved a forty-two foot crossing of the wetlands and required bringing additional fill to the site to accomplish the wetlands crossing (ROR 4, p. 31).
The second proposal, put forward as an alternative, necessitated a smaller crossing of the wetlands area and required the use of less fill.
A retaining wall was also included in the second proposal.
The alternative proposal was prompted by a review of the driveway crossing by the Ridgefield Conservation Commission.
That body recommended that a public hearing on the proposed driveway crossing be scheduled to determine whether a feasible alternative to the initial proposal could be found.
During the course of the site walks and the public hearings, questions were raised concerning water runoff on the property.
These questions centered on water runoff along a stone wall which had not been classified by the applicants' engineer as an intermittent watercourse.
Following the initial public hearing, in response to both public comment and questions raised by members of the Board, the applicants produced a letter from a soil scientist (ROR 9, p. 113), indicating that the area in question is not an intermittent watercourse and that a channel observed on the property was the result of storm related erosion and snow melt. CT Page 5004
At the initial public hearing on May 1, neighbors had testified that "running Water" is seen in the area of the stone wall, particularly during times of substantial rainfall (ROR 4, p. 47-49).
Concerns were also expressed concerning the septic system and the reserve area (ROR 4, pp. 60-61) and the slope of the property.
On June 26, 2001, the Board unanimously voted to deny the plaintiffs' request for a permit, citing seven specific reasons in support of its decision (ROR 11, p. 125).
 [1] Allowing the construction of the driveway as submitted would not be "protecting the quality of the wetlands and watercourses for their conservation, economic, aesthetic, recreational and other public uses and values" . . .;
 [2] The application for which the permit was sought, tried to "avoid, minimize and mitigate potential adverse impact to the maximum" but found that, such impact was unavoidable as the project was submitted . . .;
 [3] The proposed activity would involve "the deposition or removal of material" which will have or may have a significant impact on the regulated area or on another part of the inland wetland or watercourse system" . . .;
 [4] As presented during the public hearing, the installation of the septic tank where proposed may cause "or has the potential to cause pollution of a wetland or watercourse" . . .;
 [5] Also as presented during the public hearing, the construction of the septic system and related facilities would irretrievably and irreversibly compromise fragile natural resources . . .;
 [6] The proposed activity would cause loss of wildlife and their natural habitat . . .;
 [7] The construction of [a] single-family two bedroom house and the limited economic returns that such activity may yield does not justify the imbalance CT Page 5005 that, in the Board's judgment, may be brought about to the detriment of the local environment and its ecology. . . .
The decision was published on July 5, 2001 (ROR 9, p. 129), and this appeal followed.
The plaintiffs claim that the action of the Board, denying their permit for a driveway crossing, was arbitrary, capricious, illegal, and in abuse of the discretion vested in the Board.
They further contend that the Board's action has resulted in a taking of their property without just compensation.
 AGGRIEVEMENT
The plaintiffs are the owners of the property for which the permit is sought, in order to construct a driveway across a wetland (Exhibit 1).
They have owned the property at all times during the course of the application before the Inland Wetlands Board of the Town of Ridgefield and this appeal (Exhibit 2).
A party claiming aggrievement must satisfy a well established two-fold test:
(1) the party must prove that he has a personal and legal interest in the subject matter of the proceeding before the Board, as distinct from a general interest, such as a concern of all members of the community as a whole, and (2) the party must demonstrate that the personal and legal interest has been specifically and injuriously affected by the action of the agency. Hall v. Planning Commission, 181 Conn. 442, 444 (1980);Cannavo Enterprises v. Burns, 194 Conn. 43, 47 (1984).
Ownership of the property demonstrates a specific personal and legal interest in the subject matter of the decision of the Board. Huck v.Inland Wetlands Watercourses Agency, 203 Conn. 525, 530 (1987).
The denial of the permit for a driveway crossing has specifically and injuriously affected the plaintiffs.
It is found that the plaintiffs, Jean Gauvel and Marguerite Gauvel, are aggrieved by the decision of the Inland Wetlands Board of the Town of Ridgefield.
 STANDARD OF REVIEW
CT Page 5006
When sitting as the inland wetlands agency of the town of Ridgefield, the defendant Board has been given broad authority, pursuant to §22a-36 through 22a-45 of the General Statutes, to oversee municipal wetlands activity and to preserve, protect and maintain the environment and ecology of the state's natural resources. Klug v. Inland WetlandsCommission, 19 Conn. App. 713, 717-18 (1989); Kaeser v. ConservationCommission, 20 Conn. App. 309, 317 (1989).
When reviewing the decision of a municipal wetlands agency, a court is not charged with undertaking a broad, de novo review of the decision in question. Huck v. Inland Wetlands Watercourses Agency, supra, 541.
A decision will not be disturbed if there is substantial evidence in the record supporting that decision. Gagnon v. Inland Wetlands Watercourses Commission, 213 Conn. 604, 609 (1990).
The substantial evidence rule has been defined as similar to, and analagous to, the standard to be applied in judicial review of a jury verdict. It must be enough to justify, if the trial went to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury. Bradley v. Inland Wetlands Agency,28 Conn. App. 48, 52 n. 3 (1992).
The determination of the credibility of the witnesses is a matter within the province of the agency to determine. An administrative agency is not required to believe any witness, even an expert. Manor DevelopmentCorporation v. Conservation Commission, 180 Conn. 692, 697 (1980).
The party seeking to challenge the action of the administrative agency, in this case the plaintiffs, bears the burden of proof. Lovejoyv. Water Resources Commission, 165 Conn. 224, 228-29 (1973).
In order to sustain this burden, the plaintiffs must do more than show that another decision maker, such as the trial court, would reach a different conclusion They must prove that substantial evidence does not exist to justify the agency's decision. Samperi v. Inland WetlandsAgency, 226 Conn. 579, 587 (1993); Feinson v. Conservation Commission,180 Conn. 421, 425 (1980).
The decision of the agency must be sustained unless it has acted arbitrarily, unreasonably, or illegally. Red Hill Coalition, Inc. v.Conservation Commission, 212 Conn. 710, 718 (1989).
In making factual determinations, agency members are entitled to view the property in question and consider factual information obtained from personal CT Page 5007 observation. Milardo v. Inland Wetlands Commission, 27 Conn. App. 214, 220
(1992).
Where, as here, the agency has stated reasons for its decision, if any of the reasons offered in support of the decision supports the action, the decision of the agency must be sustained. Crescent DevelopmentCorporation v. Planning Commission, 148 Conn. 145, 150 (1961).
 REASONS FOR DECISION FIND SUPPORT IN THE RECORD
The Board thoroughly reviewed, discussed and analyzed the application tendered by the plaintiffs.
In addition to two separate public hearings on the proposal. the Commission conducted two inspections of the site of the proposed driveway crossing and single-family dwelling.
Acting as the wetlands agency for the town of Ridgefield, the Ridgefield Planning and Zoning Commission is charged with taking into account all of the statutory factors and considerations contained in § 22a-41 of the General Statutes.
These factors include: (1) the environmental impact of the proposed regulated activity, (2) the purpose of the activity and any feasible and prudent alternatives, (3) the short-term and long-term impacts of the proposal, (4) any irreversible and irretrievable loss of wetland or watercourse, (5) the character and degree of injury occasioned by the proposed use, and (6) impacts on wetlands or watercourses outside the area.
The weighing and balancing process mandated by statute cannot be performed in the absence of a thorough consideration by the wetlands agency of the facts of a particular case.
The process is of necessity not neatly mechanical, but involves the exercise of discretion and the need to apply the regulations to the unique facts of every particular case. Red Hill Coalition, Inc. v.Conservation Commission, supra, 722.
While some of the reasons given by the Board in support of the decision may appear general and no evidence was produced concerning any adverse impact upon wildlife, taken together, they reflect concerns raised during the public hearing process, and the Board's attempt to fulfill its statutory mandate. CT Page 5008
The location of the septic system was discussed at some length (ROR 4, p. 60-61), as well as the adequacy of the reserve area.
These concerns were not merely those involving the application of health regulations, but the condition of the topography and the slope of the area.
Witnesses during the public hearing process testified concerning water on the property (ROR 4, p. 54), and close physical scrutiny was given to the area surrounding the stone wall.
Although the plaintiff provided expert testimony claiming that no intermittent watercourse was present, the members of the Board were free to rely upon their own observations and those of nearby property owners in making their evaluation. The presence or absence of running water at a particular location is not one necessitating expert testimony, and does not involve such highly complex and technical matters that would require board members to disregard their senses and those of adjoining property owners.
The Board also had before it evidence of the need for the deposition and removal of materials in the construction of the driveway.
This was a proper issue for the Board's consideration, along with the effect of the crossing on water flowing off the site onto neighboring properties.
The plaintiffs have cited several cases in support of their claim that the Board abused its discretion, including Ghent v. Planning Commission,219 Conn. 511 (1991) and Allied Plywood, Inc. v. Planning ZoningCommission, 2 Conn. App. 506 (1984).
This reliance is misplaced.
Ghent involved a proposed subdivision while Allied Plywood concerned a site plan application.
In both instances, a reviewing commission sits in an administrative capacity, rather than in a legislative or quasi-judicial capacity. RKDevelopment Corporation v. Norwalk, 156 Conn. 369, 372 (1968); Reed v.Planning Zoning Commission, 208 Conn. 431, 437 (1988). If the plan submitted conforms to the regulations, the agency has no discretion but to approve it. Allied Plywood, Inc. v. Planning Zoning Commission, supra, 512.
The role of a municipal wetlands agency is to apply the regulations and the criteria which has been adopted, and to apply them with due CT Page 5009 regard for the "indispensable and irreplaceable but fragile natural resources"[1] which have been committed to its jurisdiction.
The reasons stated by the Board in support of its decision find support in the record and are pertinent to the considerations applicable to the granting of a permit.
 TAKING OF PROPERTY NOT DEMONSTRATED
The plaintiffs claim that the action of the defendant, Inland Wetlands Board of the Town of Ridgefield, has resulted in a taking of their property without just compensation.
When an issue concerning an alleged taking of property is raised, the court decides the issue de novo.
A party seeking to demonstrate that a taking has occurred may introduce evidence concerning the economic effect of the decision, including the fact that the property in question is rendered valueless as a result of the agency action. Cioffoletti v. Planning Zoning Commission,209 Conn. 544, 549 (1989).
In this case, the plaintiffs presented no testimony and the record fails to reveal any evidence as to the value of the property or expert testimony concerning the inability of the plaintiffs to use their property in an economically viable fashion.
However, as a prerequisite to any judicial review concerning the merits of a taking claim, it must be demonstrated that finality of the agency decision has been established. Gil v. Inland Wetlands WatercoursesAgency, 219 Conn. 404, 414-15 (1991).
To establish finality, a property owner must prove that the relevant governmental entity will not allow any reasonable use of the land. Huckv. Inland Wetlands Watercourses Commission, supra, 533. In most instances, finality cannot be established based upon a single application. Port Clinton Associates v. Board of Selectmen, 217 Conn. 588,607 (1991).
Finality has not been established based upon the record in this case.
This is not to say that the plaintiffs may not be able to establish finality at a later time should continual and reasonable attempts to use a parcel with 2.17 acres, only 0.40 acres of which is classified as wetlands, be thwarted by a stubborn and intractable municipal agency. CT Page 5010
In that event, a court would be required to determine as part of a three-fold analysis: (1) the degree of diminution in value of the particular piece of property, (2) the nature and degree of the public harm to be prevented, and (3) the realistic alternative uses available to the owner. Horwitz v. Waterford, 151 Conn. 320, 323 (1964); D'Addario v.Planning Zoning Commission, 25 Conn. App. 137, 143 (1991).
A more substantial record is needed in order for that determination to be made.
 CONCLUSION
The appeal of the plaintiffs, Jean Gauvel and Marguerite C. Gauvel, is dismissed.
 ___________________ Radcliffe, J.