[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 FACTS
The plaintiff, Towne Brooke Development, LLC, is a contract purchaser concerning 35.28 unimproved acres located at 5 Nabby Road, Brookfield.
It brings this appeal from an action of the defendant, Brookfield Inland Wetlands Commission, permission to conduct a regulated activity in connection with the construction of multi-unit dwellings on the property.
The proposal formulated by Towne Brooke Development, LLC, seeks approval of a multi-dwelling residential complex consisting of four buildings, each 46 feet in height, and encompassing 9, 750 square feet.
The buildings are designed to accommodate 112 dwelling units, served by 235 parking spaces.
In addition to the four buildings, a pool house and recreational building is contemplated.
Development is proposed along the eastern side of the property on six and one half acres, which are situation at an elevation higher than the remainder of the site.
The property consists of a sizeable portion of wetlands, estimated at 10.56 acres.
All of the designated wetlands areas are included in a proposed conservation easement, covering 26.5 acres.
A watercourse known as West Brook flows through a portion of the site.
West Brook is described as a perennial watercourse, capable of supporting CT Page 12951 fish and aquatic life.
The buildings are slated to be situated on the upland portion of the site, with gentle to moderately steep slopes.
The four buildings will consume 1.5 acres of the site, while 2.32 acres are set aside for a driveway off Nabby Road, and a parking area.
The buildings are located in close proximity to the wetlands, leaving little natural buffer between the structures, and mapped wetlands.
Proposed buildings one and two, are located at a higher elevation than the wetlands area, approximately 15 feet and 10 feet, respectively, from the designated wetlands.
Buildings three and four are proposed at the top of a slope which declines into West Brook, approximately 15 feet away.
The plaintiff proposes to construct a retaining wall, 3 feet from the wetlands boundary.
In light of the addition of impervious areas to the site, two detention systems are designed for the property.
A detention basin is proposed to capture runoff from the parking areas.
Pipes will be located underground, primarily in the parking area.
In addition to the regulated areas presented to the Commission, other necessary development activities will include improvements to Nabby Road (Old Sherman Turnpike), an access road to accommodate a well, requiring a crossing of West Brook, water mains, and sanitary sewer lines.
These improvements are subject to the approval of other municipal agencies.
The public hearing process before the Commission began on December 18, 2000, and was continued on various dates through March 15, 2001.
At a special meeting called for April 18, 2001, the Commission unanimously voted to deny the application.
The Commission made detailed findings based upon evidence submitted during the public hearing process and its site investigation (ROR 170). CT Page 12952
Based upon these predicate findings, the Commission presented the following reasons in support of its action:
(1) The applicant failed to satisfy the factors for consideration required of those activities as mandated by the regulations of the commission, and the provisions of the Inland Wetlands and Watercourses Act.
(2) The applicant failed to supply the commission with the meaningful, feasible and prudent alternative to the site development.
(3) The applicant did not provide information concerning the impact of inevitable construction activities required for site development.
The Commission's specific findings included its conclusion that activities associated with the proposed site development, in close proximity to West Brook, associated wetlands and intermittent watercourses, will adversely impact the wetlands resources.
From this denial of its application to conduct regulated activities, the plaintiff appeals.
 AGGRIEVEMENT
A party claiming aggrievement must satisfy a well established two-fold test: (1) that party must show a specific personal and legal interest in the subject matter of the decision, as distinguished from a general interest such as concern of all members of the community as a whole; and (2) the party must show that the specific personal and legal interest has been injuriously affected by the decision. Primerica v. Planning Zoning Commission, 211 Conn. 85, 93 (1989); Cannavo Enterprises v.Burns, 194 Conn. 43, 47 (1984).
Aggrievement is a jurisdictional matter and a prerequisite for maintaining an appeal. Winchester Woods Associates v. Planning Zoning Commission, 219 Conn. 303, 307 (1991). The question of aggrievement is one of fact. Hughes v. Town Planning ZoningCommission, 156 Conn. 505, 508 (1968).
The plaintiff, a limited liability company, acted through Anthony O. Lucera.
Anthony O. Lucera is a contract purchaser of the property in question (Exhibit 1 and Exhibit 2), and owns 99 percent of the limited liability CT Page 12953 company, Towne Brooke Development, LLC.
A contract purchaser of real property has an interest in the property, which is specifically and injuriously affected, based upon a denial of an application by a land use agency. Goldreyer v. Board of Zoning Appeals,144 Conn. 641, 645-46 (1957); Shulman v. Zoning Planning Board,154 Conn. 426, 431 (1967).
Although the plaintiff would be required to obtain additional approvals from other municipal agencies before proceeding with the contemplated project, it is found that the second prong of the aggrievement test has been satisfied.
A plaintiff need only show a possibility, as distinguished from a certainty, that some legally protected interest has been affected. Pomaziv. Conservation Commission, 220 Conn. 476, 483 (1991).
It is therefore found that the plaintiff, Towne Brooke Development, LLC, is aggrieved by the decision of the defendant, Town of Brookfield Inland Wetlands Commission.
 STANDARD OF REVIEW
Municipal wetlands agencies, pursuant to §§ 22a-36 through 22a-45 of the General Statutes, have been given broad authority to oversee municipal wetlands activity, and to preserve, protect and maintain the environment and ecology of the state's natural resources. Kaeser v.Conservation Commission, 20 Conn. App. 309, 317 (1989); Klug v. InlandWetlands Commission, 19 Conn. App. 713, 717-18 (1989).
A reviewing court is not charged with undertaking a broad de novo
review. Huck v. Inland Wetlands Watercourses Agency, 203 Conn. 525,541 (1987). An agency decision must be sustained if it is supported by substantial evidence. Gagnon v. Inland Wetlands WatercoursesCommission, 213 Conn. 604, 609 (1990); Bradley v. Inland WetlandsAgency, 28 Conn. App. 48, 52 (1992).
Under the substantial evidence rule, the evidence offered in support of an agency decision must be sufficient to justify, if the trial were to a jury, the refusal to direct a verdict when the conclusion is one of fact, to be drawn by a jury. Samperi v. Inland Wetlands Agency,226 Conn. 579, 588 (1993).
The determination of the credibility of the witnesses is a matter within the province of the agency to determine. An administrative agency CT Page 12954 is not required to believe any witness even an expert. Manor DevelopmentCorporation v. Conservation Commission, 180 Conn. 692, 697 (1980).
The party seeking to challenge the action of the agency, bears the burden of proving that the record does not support the decision reached.Red Hill Coalition, Inc. v. Conservation Commission, 212 Conn. 710, 718
(1989); Lovejoy v. Water Resources Commission, 165 Conn. 224, 228-29
(1973).
In making factual determinations, agency members are entitled to view the property in question, and to consider factual information obtained from personal observation. Milardo v. Inland Wetlands Commission,27 Conn. App. 214, 220 (1992).
Where, as here, the Commission has stated reasons for its decision, if any one of the reasons offered in support of the decision supports the action, the decision of the agency must be sustained. CrescentDevelopment Corporation v. Planning Commission, 148 Conn. 145, 150
(1961).
 BROOKFIELD REGULATIONS ARE VALID, AND DO NOT CONTAIN PROHIBITORY BUFFERS
The plaintiff argues that the regulations adopted by the defendant, Town of Brookfield Inland Wetlands Commission, are invalid, and impermissibly provide for the imposition of inflexible buffers between wetlands or watercourses, and the regulated activity for which a permit is sought.
This argument is not persuasive.
Section 22a-42a (f) of the General Statutes provides authority for the regulation of activities by a municipal wetlands agency:
 If a municipal inland wetlands agency regulates activities within areas around wetlands or watercourses, such regulation shall (1) be in accordance with the provisions of the inland wetlands regulations adopted by such agency related to application for, and approval of, activities to be conducted in wetlands or watercourses and (2) apply only to those activities which are likely to impact or affect wetlands or watercourses.
Although the statute clearly does not allow the use of a setback regulations as a mandatory distance between a proposed development and a regulated resource, it is equally clear and unambiguous from the record, CT Page 12955 that the defendant Commission did not rely upon an inflexible standard.
The Commission, in its findings, made specific reference to the potentially adverse consequences to the wetlands and watercourses, should development be permitted as proposed.
A municipality is authorized to promulgate and to adopt regulations which are necessary to protect wetlands and watercourses located within its jurisdiction, even if activity occurs beyond an arbitrary 50 or 100 foot limit. Queache Corporation v. Inland Wetlands Commission,258 Conn. 178, 193 (2001).
The Commission's findings and reasons, adopted in furtherance of its regulations, specifically point to the impact of development on wetlands and watercourses located on the proposed site.
The regulations of the defendant Commission are valid and were properly applied.
 THE COMMISSION PROPERLY CONVENED A PUBLIC HEARING
The plaintiff argues that the Commission was without jurisdiction to hold a hearing on the proposed application, because it failed to render an initial finding that the proposed activities would have a significant impact on wetlands or watercourses.
This argument is without merit.
The plaintiff cites § 22a-42a (c) (1) of the General Statutes, which reads in relevant part:
The inland wetlands agency shall not hold a public hearing on such application unless the inland wetlands agency determines that the proposed activity may have a significant impact on wetlands or watercourses . . . or the agency finds that a public hearing regarding such application would be in the public interest.
Although the Commission took no formal vote to hold a hearing, the record clearly indicates the desire for a hearing in order to allow for the receipt of information and input. (ROR 31, p. 2.)
No Commission member objected to the hearing process, and the Commission proceeded to entertain comments from the applicant and the public. CT Page 12956
There is no claim made that the hearing process was flawed, or that the plaintiff was prevented from placing information before the Commission, or from responding to issues generated by the public hearing process.
The plaintiff cites no authority for the proposition that § 22a-42a
(c) (1) of the Connecticut General Statutes is jurisdictional, and does not appear to claim that the absence of a formal finding mandates approval of its application.
The plaintiff asks, in its brief, that the Commission's action be declared a "nullity."
Any such action would seem to mandate another round of public hearings on the application, rather than the approval of the application.
The court agrees with the Commissioner of Environmental Protection, that the statutory requirement is directory and not mandatory, and any failure to comply does not affect the ability of the Commission to hear and decide the plaintiffs application.
 SUBSTANTIAL EVIDENCE EXISTS TO SUPPORT THE COMMISSION'S DECISION
Because each application must be decided on its own merits, pursuant to the factors set forth in § 22a-41 of the General Statutes, the Commission was not required to consider actions taken on other projects concerning other properties in the Town of Branford.
Further, in refusing to consider site plans of other properties, the Commission was applying an evidentiary standard suggested and recommended by the plaintiffs attorney. (ROR 171, p. 5.)
For the plaintiff to now claim that it is disadvantaged by its suggested standard is disingenuous and unavailing.
The record before the Commission contains ample and overwhelming evidence in support of the decision reached by the Commission, and the reasons given for that decision.
The Commission adopted detailed findings of fact (ROR 170) concerning the adverse impact on wetlands and watercourses due to the topography of the property, the proximity of the development to wetlands and watercourses, and the effects upon vegetation.
Drainage from impervious areas was also cited. CT Page 12957
Substantial evidence exists to support the conclusion that the applicant failed to satisfy the factors for consideration required for approval, under both the municipal regulations and Connecticut's Inland Wetlands and Watercourses Act.
In addition, the Commission properly considered the effects of necessary development activities such as road improvements, the need for sanitary sewers, access roads and water mains.
The Commission was entitled to consider the degree to which the plaintiff failed to provide information concerning the inevitable improvements required by the development project.
Section 22a-41 (6) of the General Statutes allows the Commission to take into consideration:
 [F]uture activities associated with, or reasonably related to, the proposed regulated activity which are made inevitable by the proposed regulated activity and which may have an impact on wetlands or watercourses.
The Commission is entitled to information concerning such activities, in that pollution of wetlands can be caused by actions on land not directly adjacent to designated wetlands areas. Manatuck Associates v.Conservation Commission, 28 Conn. App. 780, 791 (1992).
Each of the reasons given by the Commission, in support of its decision, is supported by substantial evidence.
 CONCLUSION
The appeal of the plaintiff, Towne Brooke Development, LLC, is dismissed.
___________________ Radcliff, J. CT Page 12958