DIANA KLUG *v.* INLAND WETLANDS COMMISSION OF THE CITY OF TORRINGTON ET AL.
(11080)
(11081)

LAVERY, HEIMAN and SCHALLER, Js.

Argued November 3, 1992—decision released January 19, 1993

*Albert G. Vasko,* corporation counsel, for the appellant (named defendant).

*Charles E. Roraback,* for the appellant (defendant Eugene F. Green).

*John R. Logan,* with whom, on the brief, was *Mark T. Johnson,* for the appellee (plaintiff).

SCHALLER, J. The defendants, Eugene F. Green and the Torrington Inland Wetlands Commission (commission), appeal from the judgment of the trial court sustaining the plaintiff's appeal from a decision of the commission. The dispositive issues are (1) whether the plaintiff was entitled to party status before the commission under General Statutes §§ 4-166 (8)[1] and 4-177a[2] of the

---

[1] General Statutes § 4-166 (8) provides in pertinent part: " 'Party' means each person . . . (C) who is granted status as a party under subsection (a) of section 4-177a."

[2] General Statutes § 4-177a provides in pertinent part: "(a) The presiding officer shall grant a person status as a party in a contested case if that officer finds that: (1) Such person has submitted a written petition to the agency and mailed copies to all parties, at least five days before the date of hearing; and (2) the petition states facts that demonstrate that the peti-

Uniform Administrative Procedure Act (UAPA), and (2) whether the commission was required to hold a new public hearing upon remand from the previous trial court decision concerning this matter. We hold that the UAPA does not apply to proceedings before the commission, and, further, that the commission was not required to conduct an additional public hearing in order to comply with General Statutes § 22a-41.[3] We, therefore, remand this case to the trial court with direction to remand to the commission for further proceedings in order to comply with the directive of § 22a-41.

The facts, which are essentially undisputed, involve an earlier appeal to this court as well as several proceedings before the commission. *Klug* v. *Inland Wetlands Commission,* 19 Conn. App. 713, 563 A.2d 755 (1989) (hereinafter *Klug I*). In November, 1987, Eugene F. Green applied to the commission for a permit to conduct certain regulated activities in a wetlands area in

tioner's legal rights, duties or privileges shall be specifically affected by the agency's decision in the contested case."

[3] General Statutes § 22a-41 provides: "(a) In carrying out the purposes and policies of sections 22a-36 to 22a-45, inclusive, including matters relating to . . . licensing and enforcing of the provisions thereof, the commissioner shall take into consideration all relevant facts and circumstances, including but not limited to:

"(1) The environmental impact of the proposed action;

"(2) The alternatives to the proposed action;

"(3) The relationship between short-term uses of the environment and the maintenance and enhancement of long-term productivity;

"(4) Irreversible and irretrievable commitments of resources which would be involved in the proposed activity;

"(5) The character and degree of injury to, or interference with, safety, health or the reasonable use of property which is caused or threatened; and

"(6) The suitability or unsuitability of such activity to the area for which it is proposed.

"(b) In the case of an application which received a public hearing, a permit shall not be issued unless the commissioner finds that a feasible and prudent alternative does not exist. In making his finding the commissioner shall consider the facts and circumstances set forth in subsection (a). The finding and the reasons therefor shall be stated on the record."

Torrington. On March 22, 1988, after a public hearing, the commission granted Green's application and published notice of its decision in a local newspaper. In April, 1988, the plaintiff, an abutting landowner, appealed from the commission's decision to the trial court, naming and serving as defendants the commission and the state department of environmental protection. That appeal was taken pursuant to General Statutes (Rev. to 1987) § 22a-43, as amended by Public Acts 1987, No. 87-338,[4] which governed the appeal to the Superior Court.

The commission moved to dismiss the plaintiff's appeal for lack of subject matter jurisdiction, on the basis of her failure to name and serve Green as a defendant. The court dismissed the plaintiff's appeal, and the first appeal to this court followed. We held that the trial court improperly ruled that General Statutes § 4-183, rather than § 22a-43, governed the plaintiff's appeal. *Klug I,* supra. We further held that a UAPA agency is statutorily defined as a state agency, concluding that the commission was a local agency not acting as an agent of the state when it granted the challenged permit. Id.

---

[4] General Statutes (Rev. to 1987) § 22a-43, as amended by Public Acts 1987, No. 87-338, provides in pertinent part: "(a) . . . any person aggrieved by any regulation, order, decision or action made pursuant to sections 22a-36 to 22a-45, inclusive, by the commissioner, district or municipality or any person owning or occupying land which abuts any portion of land or is within a radius of ninety feet of the wetland or watercourse involved in any regulation, order, decision or action made pursuant to said sections may . . . *appeal to the superior court . . . in accordance with the provisions of section 4-183* . . . ." (Emphasis added.) We are aware that this provision was amended in 1991 to, inter alia, eliminate the language, "in accordance with the provisions of section 4-183." Public Acts 1991, No. 91-13b. We decline, however, to apply the amended version of § 22a-43 (a) retroactively. *Enfield Federal Savings & Loan Assn.* v. *Bissel,* 184 Conn. 569, 571, 440 A.2d 220 (1981). In any event, a retroactive application of the amended § 22a-43 (a) would not alter the outcome in this case.

Thereafter, the trial court, *Moraghan, J.*, heard the case on remand and, by decision dated September 4, 1990, rendered judgment remanding the application to the commission for "further proceedings addressing each and every one of the criteria in terms of declaring a finding on the mandate of no feasible and prudent alternative in accordance with § 22a-41 (b) of the General Statutes." After Judge Moraghan's remand, the commission held several meetings at which it discussed the Green application. At the meeting on December 18, 1990, the plaintiff presented several petitions to the commission, including a petition for party status made pursuant to General Statutes §§ 4-166 (8) and 4-177a (a) and a petition for permission to present additional evidence. The commission did not act as a whole on the petitions or on the matter of whether a new public hearing should be held. The chair of the commission indicated, however, that the commission declined to entertain the Klug petitions, neither granting nor denying them. Acting on the advice of its counsel that the commission was not empowered to hold a further public hearing on the matter, the chair further indicated that the commission would not take any additional evidence on the Green application.

On March 27, 1991, the commission granted the Green application in part and denied it in part. Regarding the portions of the application that were granted, the commission indicated that "no prudent and feasible alternatives" exist. The commission, however, neither specified the reasons for those findings nor addressed the criteria specified in § 22a-41, as ordered by Judge Moraghan. The decision of March 27, 1991, was appealed to the Superior Court pursuant to the provisions of §§ 22a-43 and 4-183.

On appeal, the trial court, *Pickett, J.*, rendered judgment in the plaintiff's favor, holding that the commission acted illegally, arbitrarily, and in abuse of its

discretion (1) in failing to grant the plaintiff party status or to consider the petitions that she had filed, and (2) in failing to hold a public hearing as it understood Judge Moraghan had directed on September 4, 1992. This appeal followed.

The defendants raise two principal claims in this appeal: (1) that the trial court improperly held that the commission should have granted party status to the plaintiff pursuant to General Statutes §§ 4-166 (8) and 4-177a (a); and (2) that the trial court improperly found that, on remand following Judge Moraghan's decision, the commission was required to hold a new public hearing. We find the defendants' arguments persuasive.

I

The defendants correctly assert that the UAPA does not govern procedures *before* an inland wetlands commission. Rather the UAPA applies only to appeals *from* the commission to the Superior Court. As such, the plaintiff was not entitled to party status pursuant to §§ 4-166 (8) and 4-177a of the UAPA.

We are mindful that in analyzing legislative action our goal is to "ascertain and give effect to the apparent intent of the legislature." *State* v. *Blasko,* 202 Conn. 541, 553, 522 A.2d 753 (1987). In doing so, "[w]e look first to the plain, unambiguous language of the statute." *Arway* v. *Bloom,* 29 Conn. App. 469, 473, 615 A.2d 1075 (1992), citing *Rhodes* v. *Hartford,* 201 Conn. 89, 93, 513 A.2d 124 (1986). Absent any ambiguity, we cannot properly engage in an analysis of the history underlying a governing statute. *Arway* v. *Bloom,* supra.

In this case, the relevant language of the Inland Wetlands Act then in effect is plain and unambiguous. General Statutes (Rev. to 1987) § 22a-43 (a), as amended by Public Acts 1987, No. 87-338, provides in pertinent part that "any person owning or occupying land which

abuts any portion of land . . . involved in any regulation, order, decision or action made pursuant to [the Inland Wetlands Act] may appeal to the superior court . . . in accordance with the provisions of section 4-183." This language on its face indicates that the legislature intended to do no more than provide a procedural framework for appeals taken from the commission to the Superior Court. A plain reading of that statutory language leaves no room for doubt as to this limited legislative purpose.

Indeed, in *Klug I,* supra, we held that the commission was a local board and not subject to the provisions of the UAPA. Although the legislature has amended § 4-183 since our decision in *Klug I,* supra, this change does not affect the issue of whether the UAPA governs the commission's actions prior to an appeal to the Superior Court. While expanding its application to all appeals from the commission rather than merely to "contested cases," the amendment to § 4-183 did not operate to make the UAPA applicable to proceedings of the commission itself. In short, we conclude that the plain and unambiguous language of § 22a-43 (a) governs, not proceedings *before* the commission, but rather appeals *from* the commission to the Superior Court. The trial court, therefore, improperly determined that the plaintiff was entitled to party status before the commission.

## II

The defendants next claim that the trial court, *Pickett, J.,* improperly interpreted Judge Moraghan's prior remand order as requiring the commission to conduct a public hearing. We agree with this contention.

The following additional aspects of the record are relevant to the disposition of this claim. As noted above, the record reveals that Judge Moraghan ordered "the application . . . remanded to the commission for fur-

ther proceedings addressing each and every one of the criteria in terms of declaring a finding on the mandate of no feasible and prudent alternative in accordance with § 22a-41 (b) of the General Statutes." Earlier in his decision, Judge Moraghan indicated that "[t]his court is satisfied that a commission is obligated to make a finding with regard to 'feasible and prudent alternatives.' " The court further noted that "[a] review of the record discloses that while alternatives to certain aspects of the regulated activities *were considered* by the commission, the commission failed to make the 'no feasible and prudent alternative' finding as required by the statute. This court is constrained by the commission's failure to make the subject finding to order a remand *for that specific purpose.*" (Emphasis added.) See *A.D.A.M. Land Development Corporation* v. *Conservation Commission,* 21 Conn. App. 122, 572 A.2d 364 (1990). Judge Moraghan further observed that "a commission is obligated to make a finding with regard to 'feasible and prudent alternatives.' "

Our interpretation of Judge Moraghan's remand order must comport with established guidelines for the interpretation of judgments. As an issue of law, " '[t]he interpretation of a judgment may involve the circumstances surrounding the making of the judgment.' " *Nauss* v. *Pinkes,* 2 Conn App. 400, 411, 480 A.2d 568, cert. denied, 194 Conn. 808, 483 A.2d 612 (1984). "The determinative factor is the intention of the court as gathered from all parts of the judgment. . . . Effect must be given to that which is clearly implied as well as to that which is expressed." (Citations omitted; internal quotation marks omitted.) *Lashgari* v. *Lashgari,* 197 Conn. 189, 196–97, 496 A.2d 491 (1985). Mindful of these principles, we do not read Judge Moraghan's remand order as requiring the commission to conduct an additional public hearing.

In this case, the commission had already conducted a public hearing, at which time citizens, including the plaintiff, were afforded an opportunity to be heard. Upon this hearing, the commission rendered its decision by granting the disputed application. As Judge Moraghan made clear in his decision, the commission "considered" alternatives to the regulated activities. The agency granted the application, however, without expressly stating its findings as to prudent and feasible alternatives. General Statutes § 22a-41. It was this deficiency that Judge Moraghan sought to rectify when ordering the case remanded to the commission. His order is devoid of any reference to the need for an additional public hearing in order for the commission to comply with § 22a-41.

Established definitions of the term "proceeding" also bear out this interpretation of Judge Moraghan's remand order. For example, Black's Law Dictionary defines "proceeding" as, inter alia, "any action, hearing, investigation, inquest or inquiry (whether conducted by a court, administrative agency . . . or any other person authorized by law) in which, pursuant to law, testimony can be compelled to be given." This definition is premised on the notion that "hearing" is a subset of "proceeding." Thus, the plaintiff's claim that "proceeding" and "hearing" are synonymous is without merit.

Moreover, the applicable enabling statute makes clear that for each application the commission may only conduct one public hearing. General Statutes § 22a-39. " 'An administrative agency can act only within the bounds of authority granted to it by its enabling statute and within constitutional limitations. It is wholly without power to modify, dilute or change in any way the statutory provisions from which it derives its authority . . . .' *Goldberg* v. *Insurance Department,* 9 Conn. App. 622, 626, 520 A.2d 1038 (1987)." *Nelseco*

*Navigation Co.* v. *Department of Liquor Control,* 27 Conn. App. 614, 620, 608 A.2d 707 (1992). Here, § 22a-39 provides that "[t]he commissioner shall . . . [c]onduct *a* public hearing . . . ." (Emphasis added.) There is no provision in the Inland Wetlands Act that authorizes multiple public hearings for a single application.

Our Supreme Court's interpretation of similar enabling statutes supports this reading of § 22a-39. For instance, in *Gervasi* v. *Town Plan & Zoning Commission,* 184 Conn. 450, 452–54, 440 A.2d 163 (1981), the court addressed the public hearing provision of General Statutes § 8-26, which governs the approval of subdivisions. This statute provided, inter alia, that "the commission may hold *a* public hearing regarding any subdivision proposal . . . ." (Emphasis added.) The court specifically stated that "§ 8-26 does not authorize multiple public hearings in connection with a single subdivision proposal." Id.[5] We do not interpret Judge Moraghan's decision as suggesting that the commission conduct itself in such a way as to exceed the scope of the enabling statute. The remand order simply requested the commission to articulate its findings regarding the issue of feasible and prudent alternatives.

We conclude that the trial court, *Pickett, J.,* misinterpreted Judge Moraghan's remand order when ordering the commission to conduct a second public hearing. Judge Moraghan's order appropriately remanded the case to the commission for an articulation of its basis for granting Green's application in accordance with § 22a-41.

---

[5] See also *Frito-Lay, Inc.* v. *Planning & Zoning Commission,* 206 Conn. 554, 574, 538 A.2d 1039 (1988) ("the [zoning] commission, in conducting multiple hearings, did not '[act] within [its] prescribed legislative powers' "), quoting *Burnham* v. *Planning & Zoning Commission,* 189 Conn. 261, 266, 455 A.2d 339 (1983).

The judgment sustaining the plaintiff's appeal is reversed and the case is remanded to the trial court with direction to render judgment remanding the case to the commission for further proceedings consistent with this opinion in order to comply with the directive of General Statutes § 22a-41.

In this opinion the other judges concurred.