[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#129)
In this action to recover for work related injuries related from a third-party tortfeasor, the intervening plaintiff (employer) filed a motion to strike the defendant's (tortfeasor's) counterclaim on the ground that the employer is immune from suit.
On August 18, 1992, the plaintiff, Armin Gluck, filed a complaint against the defendants, Robert Johnson and Robert Johnson d/b/a Commercial Appliance Service (Johnson). Gluck seeks compensation for injuries he sustained while using a steamer that Johnson maintained.
Pursuant to General Statutes § 31-293, Gluck's employer, the Jewish Home for the Elderly (JHE), intervened in the action. JHE sought to recover workers' compensation benefits it paid to Gluck.
On August 19, 1994, Johnson filed an amended counterclaim against JHE. Johnson alleges that JHE's negligence caused, or partially caused, Gluck's injuries. Pursuant to General Statutes § 52-572h, Johnson seeks apportionment of damages between himself and JHE.
On October 31, 1994, JHE filed a motion to strike the amended counterclaim on the ground that the Workers' Compensation statute makes an employer immune from suit. JHE also filed a memorandum of law.
On November 22, 1994, Johnson filed a memorandum in opposition to the motion to strike the counterclaim.
"Whenever any party wishes to contest (1) the legal sufficiency of the allegations of any complaint, counterclaim or cross claim, or of any one or more counts thereof, to state a claim upon which relief can be granted . . . that party may do so by filing a motion to strike the contested pleading or part thereof." Bouchard v. People's Bank, 219 Conn. 465, 468 n. 3,594 A.2d 1 (1991), quoting Practice Book § 152. CT Page 2045
In its memorandum of law, JHE argues that the Workers' Compensation statute makes an employer, who has paid workers' compensation benefits, immune from suit. JHE contends that this immunity prevents it from being sued for apportionment liability. In his memorandum of law, Johnson argues that the trier of fact should be able to consider JHE's negligence if the trier of fact awards damages to Gluck. Johnson argues that General Statutes § 52-572h authorizes an action for apportionment. Johnson argues that Durniak v. August Winter Sons, Inc., 222 Conn. 775, 610 A.2d 1277 (1992) is consistent with his position. Finally, Johnson argues that the policy behind the Workers' Compensation Act is not violated because apportionment differs from indemnification or contribution.
The court is called upon to reconcile two statutes: General Statutes § 31-284[1] and § 52-572h.[2] "The objective in analyzing legislative action is to discern and effectuate the apparent intent of the legislature." State v. Blasko, 202 Conn. 541,553, 522 A.2d 753 (1987). In doing so, `[w]e look first to the plain, unambiguous language of the statute.' Arway v. Bloom,29 Conn. App. 469, 473, 615 A.2d 1075 (1992), cert. granted,224 Conn. 924, 618 A.2d 530 (1992). Unless the statute is ambiguous, it is unnecessary and indeed improper to engage in an analysis of the history underlying the statute. Klug v. InlandWetlands Commission, 30 Conn. App. 85, 90, 619 A.2d 8 (1993)."Black v. London Egazarian Assoc., Inc., 30 Conn. App. 295,300, 620 A.2d 176, cert. denied, 225 Conn. 916, 623 A.2d 1024
(1993).
No reported case has addressed the exact procedural posture of this case. In those cases that have resolved analogous issues, the courts have rejected a third-party tortfeasors efforts to shift to the employer some of the liability the tortfeasor owes to the employee-plaintiff. A tortfeasor cannot assert the negligence of the employer as a special defense.Durniak v. August Winters Sons, Inc., supra, 222 Conn. 782;Telusmar v. Union Carbide Corp., 9 Conn. L. Rptr. 188, 190 (June 1, 1993, Moraghan, J.) A tortfeasor cannot cite an employer into a case as a defendant. Carson v. Ruggerio,11 Conn. L. Rptr. 619, 620 (June 14, 1994, Fuller, J.) (holding also that an employer who has intervened pursuant to General Statutes §31-293(a) is not an existing party for apportionment); Espowood v.Springfield Terminal Railway Co., 9 Conn. L. Rptr. 547, 551 (August 5, 1993, Stanley, J.); Hicks v. Boccuzzi, 9 Conn. L. CT Page 2046 Rptr. 34, 35 (April 23, 1993, Moraghan, J.). The policy reason for these results was stated in Air Flo, Inc. v. ConsolidatedEngineers and Construction, Inc., 5 Conn. L. Rptr. 460, 462 (January 13, 1992, Fuller, J.): "[t]he reason for this is that the employer's claim is based on a statute and not equitable or subrogation principles that the subrogee must not himself be at fault or guilty of contributing to the loss on which he sues." General Statutes § 52-572h(c) "does not abolish employer immunity as prescribed under 31-284." Samuels v. Slumbers,3 Conn. L. Rptr. 235, 236 (February 22, 1991, Spada, J.)
This court does not permit an apportionment claim against an employer who is immune under the Workers' Compensation Act. The statute limits its application to parties "against whom recovery is allowed." General Statutes § 52-572h(c). No recovery is allowed against JHE; therefore, apportionment should not be allowed.
This court's refusal to deviate from existing law, which has forbidden a tortfeasor from making various claims against an employer, is dictated by the judicial recognition of separation of powers. "We have repeatedly observed that our act represents a complex and comprehensive statutory scheme balancing the rights and claims of the employer and the employee arising out of work-related personal injuries. Because of the comprehensive nature of the act, the responsibility for carving out exceptions from any one of its provisions belongs to the legislature and not to the courts." Durniak v. August Winter Sons, Inc.,
supra, 222 Conn. 781.
Accordingly, JHE's motion to strike Johnson's counterclaim is granted.
COCCO, JUDGE