[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON INTERVENOR'S MOTION TO STRIKE COUNTERCLAIM
On November 28, 1994, the plaintiff, Robert Olzacki, filed a two count complaint against the defendant, Michael DiBattisto, alleging negligence and recklessness arising out of the defendant's operation of his automobile in a parking area on the premises of the UTC/Research Center CT Page 4255-CCC in East Hartford, Connecticut. The defendant's vehicle allegedly struck a twenty foot piece of steel tube piping which was being held in a forklift, causing the piping to strike the plaintiff s knees causing personal injuries.
On January 17, 1995, UTC filed an intervening complaint seeking reimbursement for workmens' compensation payments it made as plaintiffs employer under General Statutes § 31-293.
On July 7, 1995, the defendant filed a counterclaim claiming that the plaintiff's alleged injuries were proximately and solely caused by UTC's negligence and seeking "apportionment only to be determined as against UTC" of any judgment that may be rendered in the plaintiff's action.
On January 19, 1996, UTC filed this motion to strike the defendant's counterclaim on the grounds that it is legally insufficient because (1) the allegations of contributory negligence on the part of the employer/UTC are not properly raised in the context of an action brought under General Statutes § 31-293; and (2) apportionment as against an intervening plaintiff's employer is not properly brought under General Statutes §52-572h(c).
 I
Preliminarily the defendant claims that UTC's motion to strike was not filed in a timely manner because defendant filed two claims for default for failure to plead prior to the filing of the motion to strike, which defaults "should have been entered." Practice Book § 113 provides that the filing of any pleading delineated in the order of pleadings in Practice Book § 112 will waive any right to file any pleading which might have been filed in due order and which precedes it in order. In fact no default was entered, Practice Book § 113 has not been violated, and this motion to strike the defendant's counterclaim was filed in a timely manner.
 II
UTC argues that apportionment against it as an intervening plaintiff's employer is not allowable because of the exclusivity provisions of the workers' compensation statute. General Statutes § 31-284 (a) provides in relevant part: "An employer shall not be liable to any action for damages on account of personal injury sustained by an employee arising out of and in the course of his employment . . . but an employer shall secure compensation CT Page 4255-DDD for his employees. . . . All rights and claims between employer and employees . . . arising out of personal injury . . . sustained in the course of employment are abolished other than rights and claims given by this chapter. . . ."
General Statutes § 31-293 (a) provides: "[w]hen any injury for which compensation is payable under the provisions of this chapter [Workers' Compensation Act] has been sustained under circumstances creating in a third person other than the employer a legal liability to pay damages . . . the injured employee may proceed at law against the third person . . . and any employer having paid, or having become obligated to pay, compensation under the provisions of this chapter may bring an action against the third person to recover any amount that he has paid or has become obligated to pay as compensation to the injured employee."
General Statutes § 52-572h(c) provides "[i]n a negligence action to recover damages resulting from personal injury, wrongful death or damage to property occurring on or after October 1, 1987, if the damages are determined to be proximately caused by the negligence of more than one party, each party against whom recovery is allowed shall be liable to the claimant only for his proportionate share of the recoverable economic damages and the recoverable noneconomic damages except as provided for in subsection (g) of this section." Subsection (g) prescribes the procedure by which a plaintiff can collect a disproportionate share of an uncollected judgment from "among other defendants".
In Durniak v. August Winter Sons, Inc., supra, 222 Conn. 775, the Court was presented with the certified question of "whether the third party tortfeasor may raise the negligence of the employer as a special defense when the employer has intervened in the personal injury action as party plaintiff in order to secure the employer's statutory right to reimbursement of workers' compensation benefits." Id., 777. The Supreme Court answered the question in the negative, holding that the third party tortfeasor ordinarily may not assert such a special defense. Id., 778.
In Durniak, the Court recognized an exception to the bar of the exclusivity provision of the workers' compensation statute which was carved out in Ferryman v. Groton, 212 Conn. 138, 143-45, if the facts alleged were sufficient to establish an independent relationship between the defendant and the employer. Durniak v. August Winter Sons, Inc.,
supra, 222 Conn. 782 n. 5. "The decision in Ferryman provided an exception to the exclusivity provision of the workers' compensation statute CT Page 4255-EEE in the context of an indemnification action and did not extend the exception beyond that context, as to the claim for apportionment." Espowood v.Springfield Terminal Railway Co., Superior Court, judicial district of New Haven at New Haven, D.N. 285026 (August 5, 1993, Stanley, J.,8 CSCR 978, 980).
The specific issue in the present case has been previously addressed in several other Superior Court decisions. In Leonidas v.Greco, Superior Court, judicial district of Hartford/New Britain at Hartford, D.N. 506260 (August 25, 1994, Hennessey, J.), an employer intervened into its employee's negligence action against a defendant tortfeasor pursuant to General Statutes § 31-293 to recover workers' compensation payments made to the plaintiff/employee. The court granted the intervening employer's motion to strike the second count of the defendant's amended counterclaim which alleged that the employer's negligence caused the plaintiff/employee's injuries and claimed that damages should be apportioned to the employer according to its damages to the plaintiff.
Similarly, the court in Gluck v. Johnson, 14 Conn. L. Rptr. 154, refused to permit an apportionment claim against an employer, based on its immunity under the Workers' Compensation Act.
In the present case, the defendant claims that the employer/employee relationship between the employer/third party defendant and the employee/plaintiff in the original action is sufficient for him to make a claim for apportionment against the employer. This argument is without merit as no such independent relationship has been alleged in the present case between the defendant and UTC, but instead involves claims of apportionment and comparative negligence and not indemnification.
Because defendant's counterclaim, seeking apportionment of damages pursuant to General Statutes § 52-572h(c) based upon the negligence of UTC, is legally insufficient, UTC's motion to strike the defendant's counterclaim is granted.
Wagner, J.