[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The defendants, Allstate Insurance Company and Glenn Boudreau, have moved to strike the fifth count of the plaintiffs' complaint[1], and the first, fifth and sixth claims for relief.[2] The fifth count of the complaint alleges a violation of the Connecticut Unfair Insurance Practices Act ("CUIPA"), Connecticut General Statutes §§ 38a-815, et seq. The defendants claim that that Act does not provide a private right of action. The defendants also claim that the aforementioned claims for relief are either improperly stated, or seek relief which is not recoverable as a matter of law.
The function of a motion to strike is to test the legal CT Page 5252-O sufficiency of a pleading. Practice Book § 152; Ferryman v.Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989); Mingachos v.CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985). In deciding a motion to strike the trial court must consider as true the factual allegations, but not the legal conclusions set forth in the complaint. Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345,348, 576 A.2d 149 (1990); Blancato v. Feldspar Corp., 203 Conn. 34,36, 522 A.2d 1235 (1987).
The Connecticut Supreme Court has reserved decision on whether CUIPA authorizes a private cause of action. See Lees v. MiddlesexIns. Co., 229 Conn. 842, 847 n. 4, ___ A.2d ___ (1994); see alsoMead v. Burns, 199 Conn. 651, 657 n. 5, 509 A.2d 11 (1986);Griswold v. Union Labor Life Ins. Co., 186 Conn. 507, 521 n. 12,442 A.2d 920 (1982). The Connecticut Appellate Court has not addressed this issue.
There is a divergence of opinion among the superior court judges who have addressed the issue. The following superior court decisions have allowed a private cause of action under CUIPA:Edelman v. Pacific Employers Ins. Co., Superior Court, judicial district of New Britain at Hartford, Docket No. 533463 (Oct. 21, 1994, Hennessey, J.); Agency Rent A Car v. ITT Hartford, Superior Court, judicial district of Hartford, Docket No. 530573 (Sept. 26, 1994, Corradino, J.); Polchlopek v. Aetna Life Ins. Co.,
Superior Court, judicial district of Hartford, Docket No. 530360 (June 3, 1994, Hennessey, J.); Schott v. Great American Ins. Co.,8 CSCR 988 (September 1, 1993, Hendel, J.); Covino v. Jacovino,8 CSCR 822 (July 20, 1993, Sullivan, J.); Sansone v. Esis, Inc.,8 CSCR 248 (January 4, 1993, Maiocco, J.); Sambuco v. AetnaCasualty Surety Co., 4 Conn. L. Rptr. 74, 75 (May 14, 1991, Karazin, J.); Cecere v. EBI Indemnity Co., 2 Conn. L. Rptr. 520, 521 (October 2, 1990, Hammer, J.); Thompson v. Aetna Life Casualty Co., 2 CSCR 648, 649 (May 15, 1987, Satter, J.).
In the following decisions, however, the superior court has declined to recognize a private cause of action under CUIPA: C M Technology, Inc. v. The Travelers Insurance Co.,
14 Conn. L. Rptr. No. 1, 32 (April 5, 1995, Stanley, J.) White v. NationwideMutual Fire Insurance, Superior Court, judicial district of Waterbury, Docket No. 118633 (Nov. 14, 1994, Flynn, J.); King v.Ehorn, 8 CSCR 1299 (November 17, 1993, Rush, J.); Berman v.Prudential Ins. Co., 8 CSCR 806 (July 15, 1993, Lewis, J.);Langlais v. Guardian Life Ins. Co., 7 Conn. L. Rptr. 34, 36 (July 7, 1992, Lewis, J.); Warner v. Sanford Hall Agency, 8 Conn. L. CT Page 5252-P Rptr. 333 (February 10, 1993, Wagner, J.); Scheer v. Chubb Sons, Inc., 9 Conn. Law Trib. No. 17, 13 (Burns, J. 1982).
After reviewing the foregoing decisions, this court adopts the well reasoned opinion of the Court, Stanley, J., in C MTechnology, Inc. v. The Travelers Insurance Co.,
14 Conn. L. Rptr. No. 1, 32 (April 5, 1995, Stanley, J.), which held that CUIPA does not provide for a private right of action:
 "In the construction of a statute, no word should be treated as superfluous or insignificant." Lees v. Middlesex Ins. Co., 219 Conn. 644, 652, 594 A.2d 952 (1991). Furthermore, ordinarily courts should "decline to read into statutes provisions not clearly stated." Id. "The objective in analyzing legislative action is to discern and effectuate the apparent intent of the legislature. State v. Blasko, 202 Conn. 541, 553, 522 A.2d 753 (1987). In doing so, `[w]e look first to the plain, unambiguous language of the statute.' Arway v. Bloom, 29 Conn. App. 469, 473, 615 A.2d 1075 (1992), cert. granted, 224 Conn. 924, 618 A.2d 530 (1992). Unless the statute is ambiguous, it is unnecessary and indeed improper to engage in an analysis of the history underlying the statute. Klug v. Inland Wetlands Commission, 30 Conn. App. 85, 90, 619 A.2d 8 (1993)." Black v. London Egazarian Associates, Inc., 30 Conn. App. 295, 300, 620 A.2d 176, cert. denied, 225 Conn. 916, 623 A.2d 1024 (1993).
 Thus, based upon the rules of statutory construction, the court holds that CUIPA does not provide a private right of action. It is difficult to accept the plaintiffs argument that this court can find the right to a private cause of action in CUIPA by implication. The statutory sections are not ambiguous. See C.G.S. §§ 38a-815 et seq. There is no such express authority for a private cause of action; id.; as compared to the express authority for a private cause of action under CUTPA. C.G.S. § 42-110g(a). Rather, CUIPA is a regulatory act, authorizing the insurance commissioner to investigate whether the unfair insurance practices, as set forth in Connecticut General Statute Section 38a-816, have been violated. See C.G.S. §§ 38a-815 et seq. Furthermore, CUIPA is a regulatory act that provides for an administrative procedure through the state insurance commissioner to CT Page 5252-Q deal with alleged unfair practices. C.G.S. § 38a-817.
 Moreover, the legislature expressly stated that "[i]t is the intention of the legislature that [CUTPA] be remedial and be so construed." C.G.S. § 42-110b(d). CUTPA expressly authorizes a private cause of action. C.G.S. § 42-110g. CUIPA, on the other hand, expressly speaks to the power vested in the commissioner of insurance. See C.G.S. §§ 38-815, 38a-817 through 38a-819. Indeed, the legislature was not ambiguous about the purpose of Sections 38a-815 to 38a-819, inclusive. Section 38a-819
expressly states:
 The powers vested in the commissioner by sections 38a-815 to 38a-819, inclusive, shall be additional to any other powers to enforce any penalties, fines or forfeitures authorized by law with respect to the methods, acts and practices declared to be unfair and deceptive, and the commissioner may issue regulations implementing the provisions of section 38a-816.
 Therefore, the court concludes that CUIPA does not provide a private cause of action, for the reasons set forth above and for the reasons expressed within the opinions of my brethren who have also reached the same conclusion.
The plaintiffs' first claim for relief requests damages "in excess of $1,000,000." This claim may be stricken as it does not comply with Connecticut General Statutes § 52-91. That statute provides that when money damages are sought, the demand for relief should set forth on a separate page that the amount in demand is fifteen thousand dollars or more, exclusive of interest and costs.
The fifth claim for relief seeks treble damages. Treble damages cannot be awarded unless they are authorized by statute.DeMilo v. West Haven, 189 Conn. 671, 676, 458 A.2d 362 (1983);Tillinghast v. Leppert, 93 Conn. 247, 250, 105A.615 (1919). Treble damages may be allowable under the Connecticut Unfair Trade Practices Act, § 42-110a et seq. ("CUTPA"). However, the second claim for relief requests such damages. The fifth claim for relief is hereby stricken. CT Page 5252-R
Finally, the defendants seek to strike the sixth claim for relief which seeks injunctive relief. The complaint fails to allege that the plaintiffs have suffered irreparable harm and have no adequate remedy at law. Therefore, it cannot be the basis for injunctive relief. Tomasso Bros. v. October Twenty-Four,Inc., 230 Conn. 641, 647, 646 A.2d 133 (1994). The sixth claim for relief is also ordered stricken.
The plaintiffs have not addressed the fifth or sixth claim for relief in their Memorandum in Opposition to Motion to Strike. Practice Book § 155 requires a party opposing a motion to strike to file an opposing memorandum. The court considers the plaintiffs' failure to file such a memorandum with respect to the fifth and sixth claims for relief as an alternate basis for striking those claims.
By the court,
Aurigemma, J.