JENNIFER OTTIANO ET AL. *v.* SHETUCKET
PLUMBING SUPPLY COMPANY ET AL.
(AC 19845)

Schaller, Spear and Stoughton, Js.

Argued October 31, 2000—officially released February 6, 2001

*Vincent E. Roche,* for the appellants (defendants).

*William R. Moller,* for the appellees (named plaintiff et al.).

*Opinion*

SPEAR, J. The defendants[1] appeal from the judgment of the trial court, rendered after a trial to the court, in favor of the plaintiffs Jennifer Ottiano and James Ottiano[2] in this personal injury action. The defendants claim that the court improperly denied their request, pursuant to General Statutes § 52-225a,[3] to deduct the economic damages (medical expenses) paid by a third

---

[1] The defendants are the Shetucket Plumbing Supply Company and Robert S. Erfe. Unless otherwise noted, we refer to them as the defendants.

[2] The three plaintiffs are Jennifer Ottiano, James Ottiano, and their father, Robert Ottiano. The court did not render judgment on that count of the complaint in which Robert Ottiano sought to recover damages for medical expenses incurred for the minor plaintiff, James Ottiano. We refer in this opinion to Jennifer Ottiano and James Ottiano as the plaintiffs.

[3] General Statutes § 52-225a provides in relevant part: "(a) In any civil action, whether in tort or in contract, wherein the claimant seeks to recover damages resulting from (1) personal injury or wrongful death occurring on or after October 1, 1987 . . . (2) . . . and wherein liability is admitted or is determined by the trier of fact and damages are awarded to compensate the claimant, the court shall reduce the amount of such award which represents economic damages, as defined in subdivision (1) of subsection (a) of section 52-572h, by an amount equal to the total of amounts determined to have been paid under subsection (b) of this section less the total of amounts determined to have been paid under subsection (c) of this section, except that there shall be no reduction for (1) a collateral source for which a right of subrogation exists and (2) that amount of collateral sources equal to the reduction in the claimant's economic damages attributable to his percentage of negligence pursuant to section 52-572h.

"(b) Upon a finding of liability and an awarding of damages by the trier of fact and before the court enters judgment, the court shall receive evidence from the claimant and other appropriate persons concerning the total amount of collateral sources which have been paid for the benefit of the claimant as of the date the court enters judgment. . . ."

party[4] from the amount of the judgment.[5] The dispositive issue is whether § 52-225a mandates a deduction of economic damages where the court noted that the medical expenses were incurred, but expressly limited its award to noneconomic damages for injuries, pain and suffering. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to this appeal. On February 1, 1996, the plaintiffs were involved in an automobile accident with the defendant Robert S. Erfe, an employee of the defendant Shetucket Plumbing Supply Company (Shetucket). The accident occurred in Windham. The plaintiffs brought this action, claiming that Erfe negligently caused the accident that resulted in their injuries and that Shetucket was liable as the owner of the truck that Erfe was operating. A trial to the court was held in August, 1998, and the court rendered judgment in favor of Jennifer Ottiano for $140,000 and in favor of James Ottiano for $44,000.

On October 26, 1998, the defendants filed a motion to open the judgment and to offer evidence regarding collateral sources pursuant to § 52-225a.[6] See Practice Book § 16-35. The court held a hearing on the motion on May 7, 1999, and denied it in an order dated July 6, 1999.

On July 21, 1999, the defendants appealed from the court's denial of their motion. On August 24, 1999, the

---

[4] The third party was the insurance carrier for the plaintiff father, Robert Ottiano.

[5] The defendants also claim that (1) General Statutes § 52-225a applies to court trials as well as to jury trials and (2) there is no requirement that the collateral source provider recover a judgment before § 52-225a applies. Our resolution of the principal issue obviates the need to address those claims.

[6] Apparently, the plaintiffs requested a hearing regarding the defendants' motion. On November 20, 1998, the court heard argument on whether a hearing on the motion was necessary. The court decided that a hearing was necessary.

defendants filed a motion for articulation of the court's July 6, 1999 order. The court articulated its order on September 27, 1999, and stated: "[T]he amount of medical expense and lost wages incurred by the two injured plaintiffs . . . was done not to establish economic damages but to establish one of the considerations the court used in establishing an appropriate compensation. . . .

"No award was granted to the father of the two injured plaintiffs, although he was a named individual plaintiff who maintained health insurance for his children, the injured plaintiffs, and who paid any uninsured medical expense. Specific economic damages were incurred by the father, but nothing can be offset under the collateral source rule since he was awarded nothing in the judgment.

"The specific awards were intended to compensate each injured plaintiff for his and her injury, pain and suffering, completely and without reduction. That award was not intended to be reduced by any money paid for medical payments offset by any premiums."

The defendants claim that the court improperly denied their request to deduct the economic damages paid by a third party from the amount of the judgment pursuant to § 52-225a. They assert that the basis for the monetary award to the injured plaintiffs was the specific medical expenses stated in the court's memorandum of decision. Thus, the defendants argue, § 52-225a requires that the amount awarded be reduced by the amount of collateral source payments. In effect, the defendants claim that the judgment, properly interpreted, did award economic damages. We disagree.

Our standard of review of the interpretation of the judgment of the court is a question of law. *Klug* v. *Inlands Wetlands Commission*, 30 Conn. App. 85, 92, 619 A.2d 8 (1993); *Emerick* v. *Emerick*, 28 Conn. App.

794, 806, 613 A.2d 1351, cert. denied, 224 Conn. 915, 617 A.2d 171 (1992). "As an issue of law, [t]he interpretation of a judgment may involve the circumstances surrounding the making of the judgment. . . . The determinative factor is the intention of the court as gathered from all parts of the judgment . . . . Effect must be given to that which is clearly implied as well as to that which is expressed." (Citation omitted; internal quotation marks omitted.) *Klug* v. *Inland Wetlands Commission,* supra, 92. "The construction of a judgment is a question of law for the court. . . . As a general rule, judgments are to be construed in the same fashion as other written instruments. . . . The determinative factor is the intention of the court as gathered from all parts of the judgment." (Internal quotation marks omitted.) *Emerick* v. *Emerick,* supra, 806. "The judgment should admit of a consistent construction as a whole." (Internal quotation marks omitted.) *Lashgari* v. *Lashgari,* 197 Conn. 189, 197, 496 A.2d 491 (1985). To determine the meaning of a judgment, we must ascertain the intent of the court from the language used and, if necessary, the surrounding circumstances.

The court's language is absolutely clear that it did not intend an award of economic damages. It stated that the awards to the plaintiffs were for their injuries only and were "not intended to be reduced by any money paid for medical payments offset by any premiums." General Statutes § 52-225a does not mandate a deduction of economic damages where such damages are not awarded.[7]

---

[7] In addition, we note that the defendants failed to ask the court to articulate its lump sum award of damages by specifying what portion of the award was economic damages as required by General Statutes § 52-572h (f), which provides in relevant part that "the court shall specify: (1) The amount of economic damages; (2) the amount of noneconomic damages; (3) any findings of fact necessary for the court to specify recoverable economic damages and recoverable noneconomic damages; (4) the percentage of negligence that proximately caused the injury . . . ."

The judgment is affirmed.

In this opinion the other judges concurred.