[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTIONS TO REMAND DATED AUGUST 9, 2002
The issue presented in these companion land use appeals is whether the court has the statutory power to remand both appeals to the defendant commissions for further hearings to be incorporated in the records on appeal in this court. A review of the applicable statutes and case law leads to the conclusion that the court does not have this statutory power.
Both cases arise out of the plaintiffs' proposal to build a condominium project. One file is an appeal from the denial of site plan approval by defendant Litchfield Planning and Zoning Commission. The second file is an appeal of a denial of an inland wetlands permit by the defendant Litchfield Inland Wetlands Commission. The defendants, Barbara and Brock Putnam (the Putnams), intervened before both commissions pursuant to C.G.S. Section 22a-19, a portion of Connecticut's Environmental Protection Act. (CEPA). The plaintiffs named and served the Putnams as defendants in both appeals.
The plaintiffs have had discussions with the defendant commissions about modifications in the project to address the concerns of both commissions. Without committing themselves to the details, the commissions have been receptive to the concept of the proposed modifications in the project. The plaintiff has moved for: 1) remand of both files to the commissions for further hearings, 2) findings and conclusions by the commissions following the hearings, and 3) votes by the commissions either affirming or modifying their previous decisions which are the subjects of these appeals. The plaintiffs propose that the commissions' decisions on remand would be incorporated into the record of these pending appeals for adjudication on the merits by this court. The defendant commissions are in favor of the motions to remand. The Putnams oppose the motions to remand. CT Page 12145
The planning and zoning appeal was brought under C.G.S. Sections 8-28
and 8-8. These sections do not empower the court to remand an appeal for further hearings. See, Gervasi v. Town Planning Zoning Commission,184 Conn. 450 (1981). The inland wetlands appeal was brought under C.G.S. Section 22a-43. That section does not empower the court to remand an appeal for further proceedings. See, Klug v. Inland WetlandsCommission, 30 Conn. App. 85 (1993). Remand for further hearings is not relief ordinarily available to the court in routine planning and zoning and inland wetlands appeals.
The plaintiffs argue that these cases are different from ordinary appeals because the Putnams are defendants in the case. The plaintiffs argue that the presence of the Putnams as defendants in these appeals causes the provisions of C.G.S. Section 22a-1 8 to apply. The plaintiffs argue that the court is empowered by this section, a portion of CEPA, to remand the cases to the defendant commissions as requested by the plaintiffs. The Putnams argue that these appeals are routine land use appeals not brought under CEPA, and that Section 22a-1 8 has no application in these appeals. They claim that their presence in the cases does not entitle the plaintiffs to seek a remand for further hearings. The court agrees with the Putnams.
The cases cited by the parties in their briefs as authority are not helpful in deciding this issue. There is no precedent on this issue. The plaintiffs do refer to an "unreported card decision" in which counsel for the plaintiffs was involved. But, as an unreported decision in which the underlying facts are not known, this case is not reliable precedent.
Both parties make creative and appealing public policy arguments is support of their positions. The plaintiffs argue that the public will be protected by having the proposed modifications to the project aired at public hearings before the defendant commissions. The Putnams argue that the entire purpose of CEPA will be turned on its head if the developers are able to use CEPA to gain rights which they would not have in an ordinary land use appeal. But, the court finds that there is no need to resort to public policy arguments in light of the plain language of the statute.
CEPA is codified at C.G.S. Section 22a-17 through Section 22a-20. Section 22a-16, titled "Action for declaratory and equitable relief against unreasonable pollution" authorizes the maintenance of an action by a private citizen for declaratory and equitable relief for the protection of the public trust in air, water and other natural resources of the state from unreasonable pollution, impairment or destruction. CT Page 12146 Section 22a-18, titled "Powers of the court," provides, in pertinent part:
(a) The court may grant temporary and permanent equitable relief, or may impose such conditions on the defendant as are required to protect the public trust in the air, water, and other natural resources of the state from pollution, impairment or destruction.
(b) If administrative, licensing or other such proceedings are required or available to determine the legality of the defendant's conduct, the court in its discretion may remand the parties to such proceedings. In so remanding the parties the court shall retain jurisdiction of the action pending completion of administrative action for the purpose of determining whether adequate consideration by the agency has been given to the protection of the public trust in air, water, or other natural resources of the state from unreasonable pollution, impairment or destruction . . . (Emphasis added)
Although it seems clear that the language ". . . to determine the legality of the defendant's conduct . . ." refers to a defendant in an action brought against him pursuant to Section 22a-16, the plaintiffs argue for an expansive reading of these words so that they would apply to a plaintiff in a land use appeal in which there is a defendant whose presence in the case is based upon an intervention under CEPA.[1]. It is true that Justice Holmes has said that: "A word is not a crystal, transparent and unchanged. It is the skin of a living thought and may vary in color and content according to the circumstances and the time in which it is used." Towne v. Eisner, 245 U.S. 418, 425 (1918). But, it is difficult to interpret the word "defendant" to mean "plaintiff". Also, the remand proposed in this case is not to "determine the legality" of the anyone's conduct. The purpose is to hold hearings on a proposed settlement, not to determine the legality of the defendant's conduct. The defendants in both cases are commissions before which the proposed additional hearings would be held. These commissions could hardly be asked to determine the legality of their own conduct. Therefore, the language used in Section 22a-16 simply does not apply to the situation in this case.
For these reasons the motions to remand are denied.
 ___________________ Pickard, J.