JAMES L. SCOTT *v.* KAREN W. SCOTT
(AC 25744)

Flynn, Bishop and Dupont, Js.

Argued May 24—officially released August 23, 2005

*Robert A. Serafinowicz*, with whom, on the brief, was *John R. Williams*, for the appellant (plaintiff).

*James R. Greenfield*, with whom was *Kelly P. Mai*, for the appellee (defendant).

*Opinion*

BISHOP, J. In this postjudgment marital dissolution matter, the plaintiff, James L. Scott, appeals from the

judgment of the trial court finding him in contempt of court and ordering him to pay, as a therapy expense, one half of the cost of private boarding school for the parties' minor child. On appeal, the plaintiff argues that the court improperly found that the private boarding school attended by the minor child was therapy within the meaning of the judgment of dissolution. We agree and reverse the judgment of the trial court.

The following factual and procedural background is relevant to our consideration of the plaintiff's appeal. After a contested hearing, the marriage of the parties was dissolved on January 10, 2000. The court ordered the parties to share equally the cost of unreimbursed medical, dental and therapy expenses for the minor child. At the time of dissolution, the minor child was being treated by psychotherapists at the Yale Child Study Center on an outpatient basis. The court ordered the parties each to pay one half of the cost of the minor child's therapy sessions. He was also attending a private school. The judgment required the plaintiff to pay for the remainder of the current academic year and for the parties to share the expense equally if the child remained at that private school for the following two years. The court made no additional orders regarding education.

The minor child remained at the private school for the two years following the divorce, through the ninth grade. Thereafter, he attended a public high school until, in February, 2003, the defendant unilaterally enrolled the minor child in a wilderness program in Utah, known as the Second Nature Wilderness Program, for eight weeks. Subsequently, the defendant enrolled the minor child in a long-term private boarding school, the Oakley School, also in Utah.[1]

[1] The defendant describes those places as "therapeutic schools for children with difficulties."

On August 14, 2003, the defendant filed a motion for contempt or, in the alternative, for modification of the judgment. The defendant claimed, inter alia, that the costs she incurred to send the minor child to the "therapeutic" boarding schools constituted medical and therapy expenses and, thus, pursuant to the judgment, must be shared equally by the parties. The defendant requested, in the alternative, that the court modify the divorce judgment to require the plaintiff to pay a portion of the private school expenses for the minor child if the court determined that the cost of the "therapeutic" boarding schools did not qualify as medical and therapy expenses.

In its memorandum of decision filed August 2, 2004, the court found, inter alia, that the expenditures made by the defendant for the boarding schools were within the meaning of "medical" and "therapy" expenses as used in the judgment of dissolution and required the plaintiff to pay one half of the cost of the boarding school, and that, although the plaintiff's actions were not wilful, he was in contempt for failing to pay for one half of the expense of therapeutic boarding school.[2] This appeal followed.

The plaintiff claims that the boarding schools attended by the minor child were not "therapy" as contemplated in the divorce judgment, but rather constituted private school that was not ordered in the dissolution decree.[3] We agree.

[2] The plaintiff was also found in contempt for failing to pay child support and various therapy and psychological testing expenses. Those findings have not been challenged on appeal.

[3] The defendant argues that the court had the authority to order the plaintiff to pay the costs of the minor child's private school education. The parties agree that the court ruled only on the motion for contempt, not the motion to modify the judgment. We recognize that the court may have had the authority to modify the judgment to require the plaintiff to share in the expense of private school; see *Hardisty* v. *Hardisty*, 183 Conn. 253, 439 A.2d 307 (1981); however, because the court ruled only on the motion for contempt, the issues before this court are limited to whether the court properly interpreted the judgment of dissolution to include the cost of

The plaintiff's argument attacks the court's legal interpretation of the judgment of dissolution. "Our standard of review of the interpretation of the judgment of the court is a question of law." *Ottiano* v. *Shetucket Plumbing Supply Co.*, 61 Conn. App. 648, 651, 767 A.2d 128 (2001). "When issues in [an] appeal concern a question of law, this court reviews such claims de novo." (Internal quotation marks omitted.) *Litchfield Asset Management Corp.* v. *Howell*, 70 Conn. App. 133, 139, 799 A.2d 298, cert. denied, 261 Conn. 911, 806 A.2d 49 (2002).

Webster's Third New International Dictionary defines therapy as the "treatment of disease in animals or plants by therapeutic means . . . ." Webster's Third New International Dictionary (1961). Similarly, therapeutic is defined as "of or relating to the treatment of disease or disorders by remedial agents or methods: CURATIVE, MEDICINAL . . . ." Id. Our legislature has defined psychotherapy as "the professional treatment, assessment or counseling of a mental or emotional illness, symptom or condition." General Statutes § 53a-65 (10). With those definitions in mind, we next examine appellate case law.

Although there is no appellate authority specifically addressing this issue, we find guidance in *Bucy* v. *Bucy*, 23 Conn. App. 98, 579 A.2d 117 (1990), which examined whether expenses for therapy are medical expenses. *Bucy* considered therapy to be a medical expense when the therapy rendered was "made in connection with the diagnosis, cure, mitigation or prevention of disease" and was a "necessary part of the overall treatment of the child . . . ." Id., 103. (Internal quotation marks omitted.) We adopt those definitions to provide a framework to resolve the legal issue before us.

"[T]he interpretation of a judgment may involve the circumstances surrounding the making of the judg-

boarding school as a therapy expense and whether the plaintiff wilfully violated the order of the court.

ment." *Ottiano* v. *Shetucket Plumbing Supply Co.*, supra, 61 Conn. App. 652. At the time of dissolution, the minor child had been receiving therapy from various psychological and psychiatric specialists. He had been diagnosed by medical professionals and required further treatment to cure or mitigate his condition. He received psychotherapy and antidepressant medications. The therapy rendered to the minor child at the time of the dissolution judgment was medical in nature and, in issuing orders regarding health care for the minor child, the court made provisions for continued therapy of that nature.[4]

As to the Second Nature Wilderness Program, the only information in the record regarding the curriculum or treatment offered is an itemized bill that breaks down the costs of medical and therapy services, application fee, gear fee, room and board, and academic tutoring. At the contempt hearing, the defendant testified that she has been partially reimbursed for those expenses.[5] The only other information submitted regarding the time the minor child spent in that program comes from the defendant's testimony at the contempt hearing when she stated that the child spent those eight weeks in the Unitea Wilderness in Utah, without a bath.

As to the Oakley School, the record is devoid of any information regarding the therapeutic or medical services it offered, provided or rendered to the minor child. The only information in the record regarding the

[4] It is noteworthy that the provision of the dissolution decree regarding therapy expenses is part of the order concerning medical and dental expenses. The order pertaining to the private school that the minor child was attending at the time of the judgment, which was not a boarding school, is a separate provision.

[5] At the contempt hearing, John Schowalter, one of the child's treating psychiatrists from the Yale Child Study Center, testified that the defendant asked him to write a letter stating that a therapeutic school was medically indicated in the hope of having her medical insurance pay for at least the medical part of the boarding school.

Oakley School relates to its academic offerings. The record reflects that the boarding school is a private high school spanning ninth through twelfth grades, offering such classes as literature, Spanish, geometry, chemistry, world civilization and rock climbing. The Oakley School charges its students tuition. At oral argument, the parties disclosed that health insurance has also covered certain portions of the expense of the Oakley School.[6]

There is nothing in the record indicating that the minor child's attendance at private boarding school related to the treatment of a disorder or that it was necessary for his overall treatment. Accordingly, we conclude that the private boarding schools attended by the minor child in this case did not constitute therapy within the meaning of the judgment of dissolution and that the plaintiff, therefore, was not required to pay one half of the cost by the terms of the judgment.

We note as well that although the court held the plaintiff in contempt for failing to pay one half of the cost of the boarding school, the court nevertheless found that the contempt was not wilful. "A finding of contempt is a question of fact, and our standard of review is to determine whether the court abused its discretion in failing to find that the actions or inactions of the [party] were in contempt of a court order. . . . To constitute contempt, a party's conduct must be wilful. . . . Noncompliance alone will not support a judgment of contempt." (Citation omitted; internal quotation marks omitted.) *Prial* v. *Prial*, 67 Conn. App. 7, 14, 787 A.2d 50 (2001).

Not only does the court's finding that the plaintiff did not act wilfully preclude a finding of contempt, but

---

[6] On the basis of the record, we can infer that the expenses for which the defendant has been reimbursed by her insurance company were those associated with therapy.

because we determine that he was not obligated to share the expense of the private boarding schools for the minor child pursuant to the judgment of dissolution, the plaintiff did not violate the orders contained in the dissolution decree.

The judgment is reversed and the case is remanded with direction to render judgment denying the defendant's motion for contempt.

In this opinion the other judges concurred.